## STURM & DRAKE, Respondent, v. ROBERTS ELEVATOR CO., Appellant.

(No. 4,347.)

(Submitted April 18, 1921. Decided May 31, 1921.)

[198 Pac. 545.]

*Sales—Breach of Contract—Market Value—Evidence — Sufficiency—Substantial Damages Recoverable, When.*

Sales—Breach of Contract—Market Value—Evidence—Sufficiency.
1. Where, in an action for breach of contract of sale of hay, the verdict was based on a market value of nineteen dollars per ton, the testimony on that issue ranging from fifteen dollars to twenty-six dollars per ton. the award was not open to the objection that it was not supported by the evidence because no evidence was given placing the value at that exact amount, since substantial evidence showing a valuation in excess of that returned warranted a verdict in the smaller amount.

Same—Substantial Damages—Plaintiff may Recover, When.
2. Under sections 6056 and 6082, Revised Codes, evidence that the market price of the hay purchased by plaintiff, at time and place of delivery, was in excess of the contract price was sufficient to entitle it to substantial damages for defendant's failure to deliver it, even though plaintiff's evidence did not show that it suffered actual damage by having to go into the open market and purchase hay to fill its own contracts or supply its own needs.

*Appeal from District Court, Carbon County; A. C. Spencer, Judge.*

Action by Sturm & Drake, a corporation, against the Roberts Elevator Company. Judgment for the plaintiff and defendant appeals from the judgment and from an order overruling its motion for a new trial. Affirmed.

*Mr. Frank P. Whicher,* for Appellant, submitted a brief and argued the cause orally.

There is no evidence sufficient to support the verdict for the following reasons: 1. There is no evidence of any market price of hay on January 1, 1917; 2. There is no evidence to support the particular amount which the jury returned in their verdict; 3. There was no evidence of any actual damage to the plaintiff. There is no evidence whatever that there

was ever any established market in Billings, and the witnesses for the plaintiff have based their testimony on hearsay and on what one individual would pay another for hay about January 1, 1917. This does not constitute market value. (26 Cyc. 819; *Martin* v. *Fletcher,* 77 Or. 408, 149 Pac. 895; *McCallister* v. *Sappingfield,* 72 Or. 422, 144 Pac. 432; *Denver N. W. & P. Ry. Co.* v. *Howe,* 49 Colo. 256, 112 Pac. 779.)

Plaintiff contends that, in view of section 6056, Revised Codes, the fact that defendant did not deliver the hay as agreed entitled plaintiff, *ipso facto,* to damages, notwithstanding the fact that plaintiff had suffered no actual damages, had no use for the hay, had not contracted this hay to other parties, and had not been obliged to go into the open market and purchase hay to fill its own contracts or supply its own needs. Is such reasoning sound, or was that ever the legislative intent? I think not. In the cases I have been able to find, there has been some actual damage by the aggrieved party; here there was none, and I therefore contend that the plaintiff was not entitled to recover.

*Mr. William Y. Beers,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Plaintiff brought action against defendant on two causes of action to recover damages for failure to deliver hay pursuant to the terms of two contracts for the sale thereof. Judgment was rendered in favor of plaintiff. Motion for new trial was made and overruled. Defendant appeals from judgment and from order overruling motion.

Several assignments of error are made by defendant, but under the provisions of rule 10, subdivision 3, of this court (53 Mont. xxxv, 167 Pac. x) only one can be considered; *i. e.,* insufficiency of the evidence to justify the verdict.

It is contended that the evidence is insufficient to support the verdict for the following reasons: (1) There is no evidence of any market price of hay on January 1, 1917, being the date specified in the contract for delivery thereof; (2) there is no evidence to support the particular amount which the jury returned in their verdict; (3) there is no evidence of any special damage to the plaintiff.

We are unable to see the force of the first reason above mentioned, for no less than four witnesses testified as to the market price of hay on January 1, 1917, at place specified for delivery.

Under the second reason it is urged that, inasmuch as a [1] mathematical calculation shows that the jury arrived at its verdict on a basis of a market value of $19 per ton for the hay, and there was no evidence given as to that exact valuation, there is no basis for a verdict for the particular amount given. The evidence, however, discloses that testimony was given as to the market value ranging from $15 to $26 per ton and such is also alleged in appellant's brief. So long as there is substantial evidence showing a valuation in excess of that allowed by the jury, then we must hold that the evidence is sufficient to support the verdict in that respect.

It is contended that there is no evidence of actual damage, [2] for the reason that it does not appear that plaintiff suffered actual damage, had any particular use for the hay, had contracted to sell this hay to other parties, or had been obliged to go into the open market and purchase hay to fill its own contracts or supply its own needs. Under the statutes of this state the evidence is sufficient to entitle plaintiff to substantial damages if it discloses that the market price at time and place of delivery was in excess of the contract price. (Rev. Codes, secs. 6056, 6082; *Pritchett* v. *Jenkins*, 52 Mont. 81, 155 Pac. 974.) The same construction has been given by the supreme court of California upon similar statutes. (*Bullard* v. *Stone*, 67 Cal. 477, 8 Pac. 17.)

It is apparent from the foregoing that the evidence was sufficient to support the verdict.

The judgment and order overruling motion for new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.