CRAWFORD, J.
(Pro Tempore)
Defendants appeal from a judgment entered on the verdict of a jury. Plaintiff sued to recover a commission resulting from the sale of a merchandise inventory and equipment, based on the reasonable value of services rendered, alleged in the second amended complaint to be $8,800. Appropriate allegations appear negativing the application of ORS 696.610 et seq (Business Chance Broker Act). The jury returned its verdict in the sum of $5,000. This is the second appearance of this case in this court. Klarr v. Heckart, 206 Or 178, 291 P2d 1016. In our opinion therein we held the trial court erred in sustaining a demurrer to the second amended complaint, stating:
“We think it is manifest from the complaint that the plaintiff was not engaged in the business of dealing in business chances and that, therefore, Oregon Laws 1947, ch 290, had no application to his case. Accordingly, error was committed when the demurrer was sustained. It should have been overruled.
“Reversed”.
The case was thereafter tried on the same issues with the result indicated above. Four assignments of error are presented.
First. There was no evidence upon which a verdict of $5,000 could have been rendered, and the verdict and judgment thereon should be set aside. The property was sold for $176,000. Plaintiff testified the reasonable value of Ms services was five per cent of the sales price. Clarence Bates, a real estate broker, testified the reasonable value was five per cent of the first $60,000 and two and one half per cent of any amount over that; on the basis of which defendant concludes the verdict was a compromise, being less *4 than the mininmm established by the evidence. Defendant concedes, “There are no Oregon cases directly in point with the case at bar.” No exception was taken to the verdict when returned. It may not, therefore, be reviewed here. Fischer v. Howard, 201 Or 426, 271 P2d 1059. Further, where the evidence is sufficient to sustain a finding in favor of the plaintiff for the full amount of his claim (as conceded here), it is sufficient to sustain a verdict as to a part thereof. Strumm & Drake v. Roberts Elevator Co., 60 Mont 239, 198 P 545; Dillon v. Cross, 5 Cal App 766, 91 P 439; 32 CJS, Evidence, p 1127, § 1043. No error.
Second. The court erred in withdrawing from the jury the question of whether plaintiff was, without license, engaged in the business chance brokerage field. The court stated:
“It was an issue but there’s no evidence contrary to that given by the plaintiff and that’s sufficient to establish that issue so that’s not a concern of yours really.”
It is argued the jury had the right to disbelieve plaintiff’s testimony and that the court should have submitted the issue. The record contains no indication whatsoever that the plaintiff’s testimony was to be discredited in any respect; it stood alone; on the showing, it was entitled to full credit. The testimony of one witness who is entitled to full credit is sufficient to establish any fact (with certain exceptions). OPS 41.260. There appears no evidence contradicting the same in any respect. No conflicting inferences could be drawn from it. Under such circumstances, it was the duty of the trial judge to declare the fact, as was done.
“When there is no conflict in the evidence and no presumptions or inferences can be deduced in *5 aid of the defeated party, there is nothing to submit to the jury, and the question is one of law to be decided by the court: * * Clarke-Woodward Drug Co. v. Hot Lake Sanatorium Co., 75 Or 234, 146 P 135.
And, again, from Inwall v. Transpacific Lumber Co., 165 Or 560, 108 P2d 522:
“Evidence free from dispute, and from which no conflicting inference can be drawn, presents no issue for the jury; its disposition is the duty of the judge.”
Montana Coal & Iron Co. v. Hoskins, 88 Or 523, 172 P 118. The ruling of the trial judge was proper.
Third. The court erred in permitting plaintiff to testify in some detail on cross-examination when this question was put to him:
“Did you have any conversation with her in Salem about the filing of this lawsuit against Mr. Heckart?”
It is alleged the answer was not responsive. True, the witness did go into exhaustive detail concerning the conversation, and which might well be regarded as prejudicial. However, the question opened up the entire conversation with the witness “about the filing of this lawsuit against Mr. Heckart”, and while the answer was extended, the fact remains it was responsive to the question. The witness testified the entire conversation related was with the person “Virginia.” The door was opened and the witness walked in. No error.
Fourth. A statement of the court is assigned as error. The statement was as follows:
“The Court: Now, so far as when this demand was made, that’s evidence and counsel can certainly discuss that phase of the case, but the ruling that *6 I made had to do with any delay in this case now being prosecuted, was the way I understood it, and I held then, and I hold now, that that’s immaterial, whether the case was begun the next day after the alleged money was due or alleged to be due or whether it begun now, as long as it’s within the statute of limitations.”
No error.
Affirmed.