FOX, *Appellant,*

*v.*

FLESCHER et al, *Respondents.*

(County Nos. 35003, 35004, 35061)

547 P2d 1392

*Gerald R. Pullen,* Portland, argued the cause for appellants. With him on the brief was Bernard K. Smith, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondents. With him on the brief were Henry C.

Willener, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Howell, and Bryson, Justices.

BRYSON, J.

**BRYSON, J.**

Plaintiffs appeal from adverse judgments in actions which were consolidated for trial. All three actions arise out of the same collision between two vehicles in Lincoln County.

Plaintiff Clayton Fox filed separate actions to recover damages for injuries to his person and property (case files 35003, 35004). Plaintiff Kathleen P. Fox, the wife, filed an action to recover damages for loss of consortium (case file 35061). The cases were consolidated for trial without objection. The jury returned special findings in each case showing both parties equally negligent. Pursuant to ORS 18.470,[1] the trial court entered judgment in each case in favor of defendants. Plaintiffs appeal.

The facts regarding the accident are not relevant to the issue raised on appeal. Plaintiffs assign as error the court's "overruling plaintiffs' objection to the following questions":

Mrs. Fox (Cross-examination)

"Q. (By Mr. Willener) Now, you are the fifth Mrs. Fox; are you not?

"MR. SMITH: If the Court please, I object to it as immaterial. I would ask the jury to disregard it.

"MR. WILLENER: May I be heard on that, Your Honor?

"THE COURT: Overruled. And you may not.

"Q. (By Mr. Willener) Isn't that correct?

"A. Yes, I am the fifth Mrs. Fox."

Mr. Fox (Cross-examination)

"Q. And you have had no children of your own, have you not?

"A. No, I have not.

"MR. SMITH: If the Court please, I'm going to object to that question as being immaterial to this here lawsuit and ask that the jury disregard it.

"THE COURT: Objection is overruled.

---

[1] These cases were tried prior to the effective date of Oregon Laws 1975, ch 599, which amended ORS 18.470.

"Q. (By Mr. Willener) And you have been married counting current Mrs. Fox, five times, is that right?

"MR. SMITH: Same objection, Your Honor.

"THE COURT: Same ruling.

"Q. (By Mr. Willener) You may answer, Mr. Fox.

"A. Would you repeat the question, please?

"Q. You have been married five times counting the current Mrs. Fox; is that correct?

"A. That's correct."

Plaintiffs argue that the purpose of inquiry by defendants as to plaintiff Clayton's five marriages was to "arouse the jury's emotions of prejudice and hostility" toward plaintiffs.

Separate jury verdicts were submitted in each of the three cases and the special findings, in *each* jury verdict returned, determined that plaintiff Clayton[2] and defendants were each 50 per cent "causally negligent" for the accident. Therefore, the jury decided that the defendants were not legally liable for the accident and the resulting damages. ORS 18.470. The questions objected to as immaterial had no bearing on the issue of liability or causation.

In *Tycer v. Hartsell,* 184 Or 310, 313, 198 P2d 263 (1948), plaintiff assigned as error the court's refusal to permit her to prove that at the time of the accident a minor son was dependent upon her for his support. We held:

"* * * In view of the fact that the verdict of the jury was for the defendant, we think that this matter pertaining to the question of damages is wholly immaterial. *Penn v. Henderson,* 174 Or. 1, 146 P. (2d) 760; *Hill v. Wilson,* 123 Or. 193, 261 P. 422 * * *. The only reasonable deduction to be drawn from the record is that the jury, as evidenced by its verdict, did not believe that the defendant was negligent, or that it believed the plaintiff was guilty of contributory negligence. If that conclusion is sound, the jury did not reach the question of damages. Hence plaintiff could not have been prejudiced, assum-

---

[2] *Ross v. Cuthbert,* 239 Or 429, 432, 397 P2d 529 (1964).

ing, but not deciding, that such evidence is admissible. * * *"

Here the jury verdict specially found that each party was 50 per cent "causally negligent."

In *Tuite v. Union Pacific Stages et al,* 204 Or 565, 580, 284 P2d 333 (1955), the trial court withdrew certain elements of plaintiff's claimed damages from the jury, and the plaintiff assigned this as error. We stated:

"* * * We need not discuss that assignment of error because the verdict in favor of defendants upon the question of liability renders the question of damages and related subjects moot. * * *"

See also *Foxton v. Woodmansee,* 236 Or 271, 289, 388 P2d 275 (1964), to the same effect.

The same ruling applies on the question put to Mr. Fox as to whether he had any children of his own. Further, when Kathleen testified regarding "our children" she invited inquiry on cross-examination as to whether Mr. Fox had any children. We have consistently held that when evidence is received on a subject on direct examination, opposing counsel has the right to inquire further on cross-examination. *Miller v. Lillard,* 228 Or 202, 216, 364 P2d 766 (1961); *Klarr v. Heckart,* 218 Or 1, 5, 341 P2d 535 (1959); ORS 45.570.

Affirmed.