Argued and submitted October 16, 1985, reversed and remanded on appeal and
cross-appeal June 4, 1986

INDUSTRIAL FINISHES & SYSTEMS, INC.,
*Respondent - Cross-Appellant,*

*v.*

AMERICAN UNIVERSAL INSURANCE COMPANY,
*Defendant - Appellant,*

*and*

WAGNER-SPRAY TECH CORPORATION,
*Defendant - Cross-Respondent.*

(16-82-09939; CA A34241)

720 P2d 382

Thomas M. Christ, Eugene, argued the cause for appellant. With him on the briefs were Louis L. Kurtz and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Robert A. Ford, Eugene, argued the cause and filed the brief for respondent - cross-appellant.

Denise G. Fjordbeck, Eugene, argued the cause for defendant - cross-respondent. With her on the brief were Gary G. Norris and Jacqua, Wheatley, Gallagher & Holland, P.C., Eugene.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action to recover expenses incurred in defending and settling a lawsuit brought against it and defendant Wagner-Spray Tech Corporation (Wagner). From a judgment for plaintiff in the amount of $45,387.63, American Universal Insurance Company (American) appeals. Plaintiff cross-appeals from a judgment in favor of Wagner and against plaintiff. It is unnecessary to reach the cross-appeal unless we reverse on the appeal.

Plaintiff, a retail vendor of industrial equipment, and Wagner, a manufacturer of airless spray guns, were sued by an employe of Willamette Industries who was injured while operating a Wagner spray gun sold to Willamette Industries by plaintiff. Although plaintiff was insured by Transamerica Insurance Co. (Transamerica), it tendered the defense of the lawsuit to American, Wagner's insurance carrier, whose policy provided that vendors of Wagner's products were additional insureds thereunder. American denied coverage, and plaintiff undertook its own defense, ultimately settling for $35,000 after incurring legal expenses of $10,387.63.

In this action, plaintiff seeks indemnification from American and Wagner. The trial court granted plaintiff's motion for summary judgment against American, holding that American was liable for the entire amount that plaintiff had expended; it then dismissed as moot plaintiff's indemnity claims against Wagner. American moved for reconsideration and asserted, for the first time,[1] that, under the *Lamb-Weston* doctrine, its liability was limited to one-half of plaintiff's loss. The trial court granted the motion, but affirmed its prior holding and entered judgment for plaintiff.

The sole issue on appeal is whether *Lamb-Weston* is applicable. Under the doctrine laid down in that case, if two or more insurers provide coverage for the same loss, and each attempts to limit the extent of its liability when there is other applicable insurance, if the respective "other insurance" clauses purport to limit or preclude coverage on the basis of

---

[1] Plaintiff argues that it was error to allow American to raise this affirmative defense for the first time on a motion to reconsider. We disagree. Plaintiff did not object to the introduction of evidence concerning the defense or show that it was prejudiced thereby. *See* ORCP 23B.

the existence of other coverage, then those clauses are disregarded and the liability of the individual insurers is prorated in the ratio that their respective policy limits bear to the cumulative limit of all of the applicable policies. *See Sparling v. Allstate Insurance Company,* 249 Or 471, 477, 439 P2d 616 (1968); *Lamb-Weston et al v. Ore. Auto. Ins. Co.,* 219 Or 110, 341 P2d 110, 349 P2d 643 (1959). Here, plaintiff was insured against the loss incurred under a policy issued to it by Transamerica, as well as under the American policy issued to Wagner. American contends that the "other insurance" clauses of the two policies, both of which have $500,000 liability limits, are repugnant within the meaning of *Lamb-Weston.* Plaintiff contends that they are not.

■■   The "other insurance" clause of the American policy provides that primary insurance is afforded "except when stated to apply in excess of or contingent upon the absence of other insurance." It further provides that, when primary coverage is afforded, American's liability shall not be reduced by the existence of other insurance applicable to the same loss on an excess or contingent basis. It then purports to limit American's liability on an equal share or *pro rata* basis when there is other insurance that applies on the same basis, whether primary, excess or contingent. It states, in full:

> "6.  **Other Insurance.** The insurance afforded by this policy is primary insurance except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, [the] amount of the company's liability under this policy shall not be reduced by [the] existence of such other insurance.

> "When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in [the] applicable contribution provision below:

> "(a)  **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of

the loss is paid, and with respect to any amount of loss not so paid [the] remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the amount of the loss is paid.

"(b)  **Contribution by Limits.** If any of such other insurance does not provide contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid collectible insurance against such loss."

The Transamerica policy's "other insurance" clause provides that Transamerica's liability under the policy is extinguished to the extent of any other applicable insurance. It states, in full:

"If, applicable to the loss, there is any valid and collectible insurance, whether on a primary, excess or contingent basis, available to the insured (in this or any other carrier), there shall be no insurance afforded hereunder as respects such loss; except, that if the applicable limit of liability of this policy is in excess of the applicable limit of liability provided by the other insurance, this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured."

Plaintiff argues that, because the American policy explicitly provides primary coverage, the Transamerica policy, by operation of its "other insurance" clause, affords only excess or contingent coverage and that, as a consequence, the clauses do not conflict.

Primary insurance coverage is provided when, under the terms of the policy, liability attaches immediately upon the happening of an occurrence that gives rise to liability, as opposed to excess or secondary coverage, which attaches only after a predetermined amount of primary coverage has been exhausted. *See Olympic Insurance Company v. Employers Surplus Lines Insurance Company,* 126 Cal App 3d 593, 178 Cal Rptr 908 (1982). Here, the coverage afforded by the

Transamerica policy is primary: it is not conditioned on plaintiff's securing other primary insurance and, in the absence of other insurance, Transamerica is liable for plaintiff's entire loss. The policy's "other insurance" clause, although it does purport to alter the basis of the coverage provided, merely represents Transamerica's effort to reduce or eliminate its own liability when there is other applicable insurance. That is precisely the situation that the court addressed in *Lamb-Weston*:

> "The 'other insurance' clauses of all policies are but methods used by insurers to limit their liability * * *. In our opinion, whether one policy uses one clause or another, when any come in conflict with the 'other insurance' clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto. * * *" 219 Or at 129.

The pertinent question is whether the "other insurance" clauses in the two policies are repugnant within the meaning of *Lamb-Weston*. The "other insurance" clause of the American policy purports to apportion liability among primary insurers on an equal share or *pro rata* basis. Transamerica's policy, on the other hand, purports to extinguish its liability under its primary insurance policy to the extent that other applicable insurance exists. Because the clauses are not susceptible to mutual application, they are repugnant. *See United Parcel/Reliance Insurance v. Horace Mann Insurance,* 65 Or App 21, 24-25 n 2, 670 P2d 172 (1973) (finding similar "other insurance" clauses mutually repugnant). Accordingly, we hold that American is liable for only one-half of the loss incurred by plaintiff.

Because we hold that American is not liable for plaintiff's entire loss, plaintiff's claim against Wagner must be reinstated, as it contends on its cross-appeal.

Reversed and remanded on appeal and on cross-appeal.