On cross-respondent's reconsideration filed July 10, reconsideration allowed, former
opinion (79 Or App 614, 720 P2d 382) as amplified, adhered to August 20, 1986

INDUSTRIAL FINISHES & SYSTEMS, INC.,
*Respondent - Cross-Appellant,*

*v.*

AMERICAN UNIVERSAL INSURANCE COMPANY,
*Appellant,*

*and*

WAGNER-SPRAY TECH CORPORATION,
*Cross-Respondent.*

(16-82-09939; CA A34241)

724 P2d 333

Denise G. Fjordbeck, Gary G. Norris and Jacqua, Wheat-
ley, Gallagher & Holland, P.C., Eugene, for petition.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant Wagner-Spray Tech Corporation (Wagner) petitions for reconsideration of our decision in *Ind. Finishes & Systems v. Amer. Univ. Ins.*, 79 Or App 614, 720 P2d 382 (1986). We grant the petition only to explain more fully why plaintiff's indemnity claim against Wagner must be reinstated.

Plaintiff brought this action to recover expenses incurred in defending and settling a lawsuit brought against it and Wagner by an employe of Willamette Industries. The trial court granted plaintiff's motion for summary judgment against defendant American Universal Insurance Company (American), holding that American was liable for the entire amount expended on the basis of insurance coverage afforded plaintiff under an insurance policy that it had issued to Wagner. It then dismissed plaintiff's indemnity claims against Wagner as moot.

We held that the extent of American's liability arising out of the coverage that Wagner's policy afforded plaintiff was limited by the *Lamb-Weston* doctrine to one-half of plaintiff's loss, because plaintiff was also insured against the same loss under an insurance policy issued to it by Transamerica Insurance Co. Accordingly, we reversed and remanded with instructions to reinstate plaintiff's indemnity claim against Wagner without discussing those claims.

Wagner now contends that our instructing the trial court to reinstate plaintiff's indemnity action against it is contrary to *United Pac. Ins. v. Truck Ins. Exch.*, 273 Or 283, 541 P2d 448 (1975). There, the court held that the *Lamb-Weston* doctrine applied in a common-law indemnity action brought by United Pacific Insurance Co. against Truck Insurance Exchange, which was subrogated to the rights of the individual ultimately responsible for the underlying liability. Contrary to Wagner's contention, the court did not reject United Pacific's claim of a right to bring a common-law indemnity action. It held, rather, that United Pacific's recovery was limited by application of the *Lamb-Weston* doctrine, because the individual from whom United Pacific, in effect, sought indemnity was insured by it as well as by Truck Insurance Exchange. Here, plaintiff seeks indemnification from Wagner, which does not allege or now claim that it is an

insured under the policy issued to plaintiff by Transamerica. *United Pac. Ins.* is therefore inapposite. *See Fireman's Fd. Am. Ins. Cos. v. Turner,* 260 Or 30, 488 P2d 429 (1971).

■■■■■ As a practical matter, we recognize that, if plaintiff prevails on its claim against Wagner, American ultimately may be liable for the entire amount that was expended in settling the underlying lawsuit. However, neither *Lamb-Weston* nor *United Pac. Ins.* precludes that result when the person who is ultimately responsible for the damage is not an insured under the plaintiff's policy.[1]

Petition for reconsideration allowed; former opinion, as amplified, adhered to.

---

[1] Wagner suggests that Transamerica, rather than plaintiff, is the real party in interest. *See generally Northern Ins. Co. v. Conn Organ,* 40 Or App 785, 596 P2d 605, *rev den* 287 Or 507 (1979). However, that issue was not raised on appeal, and we do not consider it.