Argued and submitted May 20, 1988, reversed and remanded with instructions
February 22, Northwest's reconsideration and Continental's reconsideration denied
June 16, both petitions for review denied August 2, 1989 (308 Or 197)

# NORTHWEST AGRICULTURAL COOPERATIVE ASSOCIATION, INC.,
*Appellant,*

*v.*

# CONTINENTAL INSURANCE COMPANY,
*Respondent.*

(A8510-06782; CA A44572)

769 P2d 218

Curtis W. Cutsforth, Portland, argued the cause for appellant. With him on the brief were James N. Westwood, Louis G. Henry, and Miller, Nash, Wiener, Hager & Carlsen, Portland.

John R. Faust, Jr., Portland, argued the cause for

respondent. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Warren, Presiding Judge, and Rossman and Riggs, Judges.

ROSSMAN, J.

Warren, P. J., dissenting.

## ROSSMAN, J.

Plaintiff brought this action when the defendant insurance company denied that its policy covered damage to plaintiff's vehicle caused by a collision and resulting fire. On stipulated facts, the trial court rendered judgment for defendant, and plaintiff appeals. We reverse.

Plaintiff is an agricultural cooperative. On November 2, 1984, its tractor and trailer were involved in a freeway accident with another vehicle that damaged the front of the tractor and started a fire that totally destroyed it. Plaintiff's net loss was $51,819 for damage to its tractor and $3,173.33 for damage to its trailer.

At the time of the accident, plaintiff was insured by Mission National Insurance Company (Mission), as well as by defendant. Plaintiff had purchased insurance from Mission against loss to plaintiff's vehicles "caused by collision with another object or its overturn." Although defendant offered collision, comprehensive and specified perils coverage, plaintiff purchased *only* its "specified perils" insurance, which included loss caused by fire. Defendant's policy, under which plaintiff purchased only "b.," reads in part:

"A.  WE WILL PAY.

"1. We will pay for loss to a covered auto or its equipment under:

"a. Comprehensive Coverage. From any cause except the covered auto's collision with another object or its overturn.

"b. Specified Perils Coverage. Caused by:

"(1)  Fire or explosion;

"(2)  Theft;

"(3)  Windstorm, hail or earthquake;

"(4)  Flood;

"(5)  Mischief or vandalism;

"(6)  The sinking, burning, collision or derailment of any conveyance transporting the covered auto.

"c. Collision Coverage. Caused by the covered auto's collision with another object or its overturn."

After defendant denied that its policy covered plaintiff's losses, pursuant to a loan receipt arrangement, Mission paid plaintiff $49,319 under its collision coverage for loss to the tractor.[1]

Defendant first argues that the issue before us is which insurance policy—Mission's or defendant's—covers plaintiff's loss. According to defendant, the "proximate cause" of plaintiff's loss was not fire, but collision. Therefore, it argues that, as between defendant and Mission, Mission is liable.

Defendant has misperceived the issue. It does not follow that, because Mission's policy covers plaintiff's loss, defendant's policy does not. It is entirely possible that plaintiff obtained coverage against the type of loss sustained here from both companies. Their relative liabilities become an issue only if we decide that defendant agreed to insure plaintiff against fire caused by collision.

Moreover, defendant's cause argument is unconvincing. A fire always is started by something.[2] Further,

> "it is well settled that when an efficient cause nearest the loss is a peril expressly insured against, the insurer is not to be relieved from responsibility by his showing that the property was brought within that peril by a cause not mentioned in the contract." *Howard Ins. Co. v. Norwich & N.Y. Trans. Co.,* 79 US 194, 199, 20 L Ed 378 (1870).

If, by its terms, defendant's policy covered plaintiff's *loss,* the fact that the fire was *caused* by collision does not relieve defendant of liability.

---

[1] Defendant suggests that, because Mission already has paid $49,319 on plaintiff's $54,992 claim pursuant to a loan receipt, plaintiff is merely a nominal party. If its action is successful, however, plaintiff stands to recover more than $5,000. Loan receipt arrangements are "entirely legal and effective" in Oregon. *Lamb-Weston et al. v. Ore. Auto. Ins. Co.,* 219 Or 110, 116, 341 P2d 110, 346 P2d 643 (1959). In any event, Mission's loan to plaintiff is irrelevant to the question of whether defendant's policy covered plaintiff's loss.

[2] Defendant's reliance on *Gowan v. N.W. Pac. Indem. Co.,* 260 Or 618, 621, 489 P2d 947, 491 P2d 1178 (1971), for the proposition that the collision must be considered the cause of plaintiff's loss is misplaced. In *Gowan,* the court held that an insured's loss, though resulting from a cause not specifically named in the policy, could be recovered so long as it was caused by the peril insured against. It did *not* hold that the existence of such coverage negates the effect of a second policy insuring exactly the type of loss actually incurred.

Defendant contends that, read as a whole, its specified perils policy provides insurance against loss from fire *except* when caused by collision. Defendant notes that the hazards named in its specified perils provision are not ones ordinarily caused by collision. Moreover, although plaintiff could have purchased collision insurance from defendant, it rejected that option. Plaintiff must therefore have understood, defendant argues, that its "specified perils" and "collision" provisions provided mutually exclusive coverage.

■　　That is a plausible argument. It is more plausible, however, to assign the disputed language its plain meaning. By its terms, the policy insures "loss to a covered auto or its equipment" caused by fire. A fire is a fire, regardless of its cause.

We agree with defendant that an insurance policy should be interpreted according to the understanding of the ordinary purchaser. *Botts v. Hartford Acc. & Indem. Co.,* 284 Or 95, 100, 585 P2d 657 (1978). There is no reason to assume, however, that an ordinary purchaser would understand defendant's "specified perils" and "collision" provisions to be mutually exclusive. Collision insurance covers losses caused by a specific type of accident, while specified perils insurance appears to insure against certain named hazards. We do not believe that a reasonable purchaser necessarily would conclude that there were no overlaps between the two types of coverage offered.

■　　If defendant intended to exclude from its specified perils coverage losses caused by collision, it could have done so easily. Indeed, it put exactly such an exclusion into its comprehensive insurance provision. Defendant's interpretation of its policy is not so compelling that we are persuaded to add exclusionary language that defendant could have, but did not, put in the policy. Even if we accept the plausibility of defendant's interpretation, its policy is at best ambiguous with respect to coverage for fires caused by collision. Ambiguities in the terms of insurance policies should be construed in favor of coverage. *Shadbolt v. Farmers Insur. Exch.,* 275 Or 407, 411, 551 P2d 478 (1976). Defendant's policy therefore covered plaintiff's loss.

■　　Defendant argues, however, that, if its policy does cover plaintiff's loss, both companies' policies contain "other

insurance" clauses intended to limit their liability. Because the two clauses are repugnant, it contends, we should apply the rule in *Lamb-Weston et al v. Ore. Auto. Ins. Co., supra* n 1, 219 Or at 137, and apportion the loss between the two companies according to the amount of coverage provided by each.

We agree. Both Mission and defendant are liable for plaintiff's entire loss in the absence of other insurance. Therefore, they are both primary insurers. *See Ind. Finishes & Systems v. Amer. Univ. Ins.,* 79 Or App 614, 618-19, 720 P2d 382, *mod* 80 Or App 743, 724 P2d 333 (1986). That defendant's policy explicitly provides primary coverage, while Mission's coverage is excess or contingent, does not affect the application of *Lamb-Weston.*[3]

> "The 'other insurance' clauses of all policies are but methods used by insurers to limit their liability * * *. In our opinion, whether one policy uses one clause or another, when any come in conflict with the 'other insurance' clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto." *Lamb-Weston et al v. Ore. Auto. Ins. Co., supra* n 1, 219 Or at 129.

Because defendant's *pro rata* clause and Mission's excess clause are not susceptible to mutual application, they are repugnant. *See Ind. Finishes & Systems v. Amer. Univ. Ins., supra,* 79 Or App at 619; *see also United Pacific/Reliance Ins. v. Horace Mann Ins.,* 65 Or App 21, 24-25 n 2, 670 P2d 172 (1983). The insurers therefore must share liability in proportion to the limits of coverage carried by each. The policy limits in both policies are the same. Therefore, defendant is liable for only one-half of plaintiff's loss.

---

[3] Part VII(B) of defendant's policy, entitled "Other Insurance - Primary and Excess Insurance Provisions," provides, in pertinent part:

> "3. Except as provided in Paragraphs 1 and 2 above, this policy provides primary insurance for any covered auto you own and excess insurance for any covered auto you don't own.

> "4. When two or more policies cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis."

Mission's "other insurance" clause reads:

> "9. If at the time of loss or damage there is available to a named or unnamed insured or any other interested party any other insurance which would apply in the absence of this policy, the Insured under this policy shall apply only as excess insurance over such other insurances."

Reversed and remanded with instructions to enter judgment against defendant for one-half of ascertained damages.

**WARREN, J.,** dissenting.

I dissent, because I disagree with the majority's holding that defendant's policy covers plaintiff's loss. The interpretation of an insurance contract is no different from that of any other contract: It must be read in its entirety, and no part of it should be excluded. In this case defendant's policy contained a menu of coverages, from which plaintiff selected "specified perils" and explicitly rejected collision. Plaintiff's rejection of that coverage constituted an agreement between the parties that losses resulting from collisions would not be covered and was equivalent to an express contractual exclusion. Having rejected collision coverage, plaintiff is in no position now to claim that that he is entitled to coverage for the consequences of a collision.

The majority attempts to escape that result by contending that the cause of the loss was the fire, not the collision. The majority cites *Howard Ins. Co. v. Norwich & N.Y. Trans. Co.,* 79 US 194, 20 L Ed 378 (1870), for the proposition that defendant is liable, despite the fact that the fire was caused by the collision. That case is inapposite. Unlike the insurance contract in *Howard,* which did not mention the primary cause that brought the property within the covered peril, the policy here did expressly make available coverage for the primary peril, "collision," and plaintiff rejected it. I would hold that the trial court properly concluded that defendant is not liable.