In the Matter of the Compensation of
Everett L. Weems, Claimant.

Everett L. WEEMS,
Metropolitan Disposal Corporation,
an Oregon corporation,
and EE Equipment, Inc.,
an Oregon corporation,
*Petitioners,*

*v.*

AMERICAN INTERNATIONAL
ADJUSTMENT COMPANY
and AIG Risk Management, Inc.,
*Respondents.*

(TP-91026; CA A75753)

858 P2d 914

Stephen R. Frank, Portland, argued the cause for petitioners. With him on the brief were Alison K. Greene and Tooze, Shenker, Holloway & Duden, Portland.

Jerald P. Keene, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Petitioners seek review of a decision of the Workers' Compensation Board disapproving a proposed settlement of a third-party action. We affirm.

Claimant was injured while operating an industrial-sized garbage compactor. As a result of his injuries, his left leg was amputated six inches below the hip. He filed an action against the companies that supplied his employer with the compactor, Metropolitan Disposal Corporation and EE Equipment, Inc. (collectively referred to as MDC), asserting negligence and products liability claims. Claimant's wife also brought a claim for loss of consortium. MDC denied any negligence and alleged that claimant's injuries resulted from his own negligence.

The products liability claims were dismissed on statute of limitations grounds. Claimant and MDC then agreed to settle the remaining negligence claim for $250,000. At the same time, claimant's wife and MDC agreed to settle her loss of consortium claim for $330,000. American International Adjustment Company and AIG Risk Management, Inc. (collectively referred to as AIAC), as paying agencies, asserted their right to disapprove the settlement. The matter then was submitted to the Board for approval. ORS 656.587.

Before the Board, claimant and MDC argued that the proposed settlement with claimant should be approved. They supported their argument with affidavits of MDC's counsel and of the judge who presided over the settlement negotiations. Both individuals stated that they believed that the proposed settlement was fair and reasonable. In opposition, AIAC argued that the settlement represented an attempt to circumvent the workers' compensation statutes that provide for a lien on damages awarded in third-party actions. Based on an affidavit of its counsel, AIAC argued that the proposed settlement amount of $250,000 for claimant's negligence claim was grossly out of proportion to the proposed settlement amount of $330,000 for the wife's derivative loss of consortium claim. AIAC noted that the value of loss of consortium claims ordinarily does not exceed 10 percent of the underlying injury claim. Particularly in the light of certain factual weaknesses in the wife's claim, it argued, MDC's

proposed settlement represents an attempt to allocate a large portion of funds to the wife, so as to be beyond the reach of the workers' compensation insurer.

The Board rejected the proposed settlement of claimant's negligence claim. It found that the proposed settlement figure of $250,000 for claimant was "grossly unreasonable" when compared to the $330,000 to be paid to claimant's wife for her loss of consortium claim.

Claimant and MDC assign error to the Board's finding that the proposed settlement was not reasonable. Although they agree that we must review the Board's findings for substantial evidence, they contend that the Board's findings in this case are supported by no evidence at all. Several arguments are offered in support of that contention.

■ Claimant and MDC first argue that the Board erred in considering evidence of the value of the loss of consortium claim. According to claimant and MDC, that evidence is not merely irrelevant; it is beyond the statutory authority of the Board even to consider. That conclusion, they argue, is compelled by our decision in *SAIF v. Cowart*, 65 Or App 733, 672 P2d 389 (1983). That case, however, says nothing of the sort. In *Cowart*, we said only that the Board lacks the statutory authority to approve or disapprove a proposed settlement of a claimant's spouse's loss of consortium claim. We did not say that the Board cannot consider the value of such a claim as evidence of the reasonableness of a proposed settlement of claimant's underlying claim. Here, no one has submitted for Board approval the proposed settlement of claimant's wife's claim. *SAIF v. Cowart*, therefore, is inapposite.

■ Claimant and MDC argue that the Board should not have considered claimant's wife's settlement even as evidence, because it constitutes an offer to compromise, which is inadmissible under OEC 408. That argument, too, misses the mark. Even assuming the Board is subject to common law or statutory rules of evidence, OEC 408 proscribes the admission of offers of compromise to prove liability on the same claim. Evidence of claimant's wife's settlement was not offered for that purpose here. Claimant and MDC argue that the policy of encouraging frank and open settlement negotiations, which underlies OEC 408, nevertheless warrants

exclusion of evidence of claimant's wife's settlement. We disagree. Claimant's and his wife's settlements were negotiated as a package. It makes no more sense to exclude evidence of claimant's wife's settlement than to exclude evidence of claimant's own. Moreover, adopting a hard and fast rule excluding evidence of all parts of a settlement package would be tantamount to an invitation to "game" the third-party review process. We decline to extend such an invitation. *See Scarino v. SAIF*, 91 Or App 350, 355 n 2, 755 P2d 139, *rev den* 306 Or 660 (1988). The Board did not err in considering the value of the proposed settlement of the loss of consortium claim.

■　Claimant and MDC argue that, even if the evidence is admissible, the Board's decision cannot be affirmed because it is not supported by the record, when viewed as a whole. Of particular importance to claimant and MDC is the opinion of the settlement judge, which they argue should have "bound" the Board "absent clear and convincing evidence to the contrary." Relying on federal cases concerning review of class action settlements, *e.g., City of Detroit v. Grinnell Corporation*, 495 F2d 448 (2d Cir 1974), they contend that the Board erred when it presumed to second guess the judge's opinion that the proposed settlement with claimant was fair and reasonable. Claimant and MDC are wrong. The Board is not "bound" by any particular affidavit or other piece of evidence. The authorities on which claimant and MDC rely concern an entirely different process in which the trial judge is required to evaluate the merits of proposed settlements of class actions to determine whether the terms are fair and reasonable. *See generally* FRCP 23(e); Wright, Miller & Kane, *Federal Practice and Procedure* § 1797.1 (2d ed 1986). Here, the supposedly controlling opinion consists of the observations of a judge who facilitated the settlement. The functions are not parallel, and there is no reason to require the Board to defer to the settlement judge's opinion.

■　Claimant and MDC insist that the Board should have agreed with the settlement judge, because her opinion rested on a solid factual foundation. In other words, claimant and MDC wish the Board had weighed the evidence differently. We will not engage in such a re-evaluation of the evidence. Our standard of review is limited to determining whether the

record, when viewed as a whole, permits a reasonable person to reach the conclusion that the Board did. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). It does.

■ In concluding that the proposed settlement with claimant was "grossly unreasonable," the Board considered the opinion of the settlement judge, as well as the evidence that claimant and MDC offered to show that the proposed settlement was reasonable, even when compared to the proposed settlement of the loss of consortium claim. The Board found that evidence unpersuasive. It acknowledged that claimant's injury may require claimant's wife to assume greater responsibilities for household chores and that she may suffer adverse emotional consequences from the injury. Nevertheless, the Board observed, the wife has not sought medical care for the supposed increase in stress. The Board also examined the law and compared other cases to determine claimant's and his wife's likelihood of recovery on each of their claims. It correctly found that both claimant's and his wife's claims are subject to the same defenses, in view of the derivative nature of the loss of consortium claim. *See Ross v. Cuthbert*, 239 Or 429, 435, 397 P2d 529 (1965); *see also Fox v. Flescher*, 274 Or 599, 602, 547 P2d 1392 (1976). It then found that, whatever the wife's settlement was, a reasonable settlement for claimant would necessarily be larger, because claimant's injuries included the harm to the relationship about which the wife complained *plus* the burden of living the remainder of his life without his leg.

We cannot say that a reasonable person could not reach the same conclusion. The Board's decision, therefore, is supported by substantial evidence.

Affirmed.