FIREMAN'S FUND INSURANCE
COMPANY, Plaintiff—
Appellant,

v.

SECURITY NATIONAL INSURANCE
COMPANY; Trinity Universal Insur-
ance Company; Unitrin Property and
Casualty Insurance Group, Defen-
dants—Appellees.

No. 01–35206.
D.C. No. CV–99–06274–TMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 6, 2002.

Before GOODWIN, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Fireman's Fund Insurance Company ("Fireman's Fund") appeals the district court's grant of summary judgment in favor of Security National Insurance Company ("Security National") regarding Security National's duty to indemnify Fireman's Fund. We reverse the district court and remand with instructions.

I. *Duty to Indemnify*

■ In the insurance context, the duty to indemnify exists if the facts of the case demonstrate a right to coverage under the insurance policy.[1] The district court erred when it held that, to demonstrate the right to coverage in this case, Fireman's Fund had to prove that Chambers Construction Company ("Chambers") was liable for its alleged negligent act. Not only does *Northwest Pump & Equipment Co. v. American States Insurance Co.*[2] not mandate that conclusion, but no other jurisdiction requires such proof, and Oregon public policy is contrary to such a conclusion.

In *Northwest Pump*, the court held that the insurance company had to indemnify the insured for settlement costs only if the underlying event that gave rise to the original claim was covered by the policy.[3] If the underlying event fell within a policy exclusion, the insurer was not obligated to indemnify the insured. The issue of coverage did not involve the insured's liability; it depended solely on the applicability of a certain policy exclusion.[4] *Northwest Pump* does not support the district court's conclusion that coverage under the policy depends on proof of liability.

No other jurisdiction requires proof of liability to trigger the duty to indemnify after a settlement. As one court stated, "to recover the amount of the settlement from the insurer, the insured need not establish actual liability to the party with whom it has settled so long as ... a potential liability on the facts known to the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Northwest Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or.App. 222, 925 P.2d 1241, 1243 (Or.Ct.App.1996).

2. *Id.*

3. *Id.* at 1244.

4. *Id.* at 1245 ("If the [exclusion] provision applies, [the insurer] is not liable for the settlement costs. If not, then it will be liable for those settlement costs to the extent that they are reasonable.").

[insured is] shown to exist ...."[5] Most courts hold that the basis for the settlement determines the duty to indemnify.[6] And while courts may require the parties to establish facts that prove the underlying action was within the policy's coverage, no court requires the insured to establish its own liability.[7]

The district court's holding is also inconsistent with Oregon's policy of encouraging settlement.[8] By making an insured prove its own liability, the district court negates the time and cost-saving benefits of settlement as well as the benefit of avoiding a liability declaration. The district court erred by requiring such proof.

■ The district court also erred by holding that Security National's insurance policy did not cover the underlying claim. The short form endorsement covered Chambers with respect to liability arising out of Comfort Flow Heating Company's ("Comfort Flow") ongoing operations performed for Chambers. The short form endorsement is distinct from the long form endorsement and provides a different definition of coverage. If Security National wanted the two endorsements to provide identical coverage, it would have used identical language. The short form endorsement covered liability stemming from Chambers' negligent act because that act arose out of Comfort Flow's HVAC installation operations performed for Chambers.

We reverse the district court's holding and conclude that Security National did have a duty to indemnify Fireman's Fund. We remand for the district court to determine whether the settlement amount was reasonable.[9]

## II. *Oregon Revised Statute § 30.140*

■ The district court correctly held that Oregon Revised Statute § 30.140 did not apply to this case. That statutory provision voids agreements to indemnify that are found in construction contracts. It does not void agreements to purchase insurance.[10] The construction contract in this case contained an agreement to purchase insurance. Thus, § 30.140 is inapplicable.

---

5. *Luria Bros. & Co., Inc. v. Alliance Assurance Co., Ltd.,* 780 F.2d 1082, 1091 (2d Cir.1986) (internal quotation marks and citation omitted) (alterations in original). *See also Nordstrom, Inc. v. Chubb & Son, Inc.,* 820 F.Supp. 530, 535 (W.D.Wash.1992) ("An insurer is not entitled, however, to re-litigate an underlying action following a settlement.") (citing *Luria Bros.*), *aff'd,* 54 F.3d 1424 (9th Cir.1995).

6. *See Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.,* 229 F.3d 56, 66 (1st Cir.2000); *Bankwest v. Fidelity & Deposit Co. of Maryland,* 63 F.3d 974, 978, 981 (10th Cir.1995).

7. *W. Alliance Ins. Co. v. N. Ins. Co. of New York,* 176 F.3d 825, 831 (5th Cir.1999) (holding that facts in record established that underlying claim fell within policy coverage after noting that insurer cannot contest insured's liability after settlement); *Travelers Ins. Co. v. Waltham Indus. Labs. Corp.,* 883 F.2d 1092, 1099–1100 (1st Cir.1989) (stating that duty to indemnify is determined on the basis of the settlement and the undisputed facts, and remanding to resolve dispute over whether facts established that claim fell within policy exclusion); *Pub. Util. Dist. No. 1 v. Int'l Ins. Co.,* 124 Wash.2d 789, 881 P.2d 1020, 1032 (Wash.1994) (stating that the insured need not prove the validity of the claims, but need only show that the claims were within the scope of policy coverage).

8. *See Weems v. Am. Int'l Adjustment Co.,* 319 Or. 140, 874 P.2d 72, 74 (Or.1994).

9. *See Northwest Pump,* 925 P.2d at 1245 (holding that if policy exclusion did not apply, insurer was liable for the settlement costs to the extent they were reasonable).

10. *See Montgomery Elevator Co. v. Tuality Cmty. Hosp., Inc.,* 101 Or.App. 299, 790 P.2d 1148, 1150 (Or.Ct.App.1990) (distinguishing indemnity agreements from agreements to procure insurance).

### III. *Lamb–Weston Rule*

On remand, the district court should apply the *Lamb–Weston*[11] rule to determine the amount of money to which Fireman's Fund is entitled. Both the Fireman's Fund policy and the Security National policy were primary insurance for Chambers because liability attached under each policy as soon as Chambers was sued for negligence.[12] Neither policy required Chambers to have other underlying insurance that it must first exhaust. However, both policies had provisions limiting the extent of the insurer's liability if the insured had other applicable insurance. Under the *Lamb–Weston* rule, those provisions are repugnant and are disregarded.[13] The parties must share liability in proportion to the limits of coverage carried by each.[14] Because the policy limits in this case are the same, each insurer is liable for one-half of the insured's loss.

### IV. *Conclusion*

We reverse the district court and hold that Security National had a duty to indemnify Fireman's Fund for settlement costs. We remand to the district court to determine if the settlement amount was reasonable and to apply the *Lamb–Weston* rule.

REVERSED and REMANDED.

---

**11.** *Lamb–Weston, Inc. v. Oregon Auto. Ins. Co.*, 219 Or. 110, 341 P.2d 110 (Or.1959).

**12.** *Indus. Finishes & Sys., Inc. v. Am. Universal Ins. Co.*, 79 Or.App. 614, 720 P.2d 382, 385 (Or.Ct.App.), *opinion adhered to on rehearing by* 80 Or.App. 743, 724 P.2d 333 (Or.Ct.App.1986).

**13.** *Lamb–Weston*, 341 P.2d at 119; *Northwest Agric. Coop. Assoc., Inc. v. Cont'l Ins. Co.*, 95 Or.App. 285, 769 P.2d 218, 220 (Or.Ct.App. 1989) (disregarding excess clause from one policy and pro-rata clause from another policy).

**14.** *Northwest Agric. Coop. Assoc.*, 769 P.2d at 220.