Argued and submitted June 9, affirmed October 8, reconsideration denied November 21, petition for review denied December 16, 1986 (302 Or 460)

**SETTLE,**
*Appellant,*

*v.*

**PORTLAND GENERAL ELECTRIC CO.,**
*Respondent.*

(A8501-00182; CA A37083)

726 P2d 389

C. S. Emmons, Albany, argued the cause for appellant. With him on the briefs was Emmons, Kyle, Kropp, Kryger & Alexander, Albany.

Emil R. Berg, Portland, argued the cause for respondent. With him on the brief was Hallmark, Griffith & Keating, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

WARDEN, P. J.

## WARDEN, P. J.

This is a personal injury action. Plaintiff appeals the judgment of the trial court dismissing his complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A. We affirm.

We set forth the facts drawn from the complaint in the light most favorable to plaintiff. During the course of plaintiff's employment for Liberty Cable Television, he used climbing spikes to climb a wood power pole maintained by defendant Portland General Electric (PGE). While descending, he was injured when a portion of the pole broke off, causing him to fall 20 feet to the cement sidewalk below. His complaint purports to state claims under the Employers' Liability Act (ELA), ORS 654.305 to ORS 654.335, and for negligence.

■ The trial court correctly dismissed plaintiff's claim under the ELA.

> "Before the ELA can be made the basis of a claim for relief by an injured worker suing a defendant other than an employer of the worker, * * * the defendant must be in charge of or have responsibility for work involving risk or danger in either (a) a situation where defendant and plaintiff's employer are simultaneously engaged in carrying out work on a common enterprise, or (b) a situation in which the defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed." *Miller v. Georgia-Pacific Corp.*, 294 Or 750, 754, 662 P2d 718 (1983).

Plaintiff does not claim that PGE comes within the ELA by virtue of PGE's installation of or control over the pole. *See Thomas v. Foglio,* 225 Or 540, 358 P2d 1066 (1961). Therefore, plaintiff has failed to state a claim under the ELA. *See Torres v. United States Nat. Bank,* 65 Or App 207, 210, 670 P2d 230, *rev den* 296 Or 237 (1983).[1]

---

[1] Plaintiff argues that his employer and defendant were engaged in a common enterprise, because they were using the same power pole pursuant to ORS 758.035 and because defendant may have been paid compensation for allowing plaintiff's employer to use the pole. We disagree. Even assuming that these facts were properly pled, in *Thomas v. Foglio, supra,* 225 Or at 546-547, the court stated:

"The Act cannot apply unless in some sense the defendant has 'charge of' or is

■   Plaintiff also has failed to state a claim for negligence. A complaint for negligence should allege what duty defendant owed plaintiff, or facts from which the law will imply a duty, and a breach or negligent performance of the duty. *Hendricks v. Sanford,* 216 Or 149, 158-159, 337 P2d 974 (1959). Defendant's duty toward plaintiff depends on plaintiff's status while on the pole maintained by defendant.[2]

"A licensee is one who comes upon the premises for his own purposes with the consent of the possessor.

"* * * * *

"An invitee is one who comes upon the premises upon business which concerns the occupier, with the occupier's invitation, expressed or implied." *Rich v. Tite-Knot Pine Mill,* 245 Or 185, 191, 421 P2d 370 (1966).

■   Plaintiff has alleged no facts from which one could infer that he was an invitee. He alleged:

"That Plaintiff's employer by appropriate arrangements with the Defendant prior to said injury date had obtained permission and license to use said pole for the purpose of installing and servicing cable thereon * * *."

There is no allegation from which one can infer that plaintiff came upon the premises for the business of defendant. There is no allegation that defendant is involved with the cable business of plaintiff's employer in any way except for permitting the use of the pole. There is no allegation of an invitation, either express or implied, on the part of defendant to plaintiff that he use the premises as he did. *See Napier v. First Cong. Church,* 157 Or 110, 70 P2d 43 (1937).

Plaintiff argues that his presence on the pole was

---

'responsible for' the work out of which the injury arose * * *."

"* * * * *

"[T]his participation must be more than a common interest in an economic benefit which might accrue from the accomplishment of the task[;] * * * the defendant or his employee and plaintiff's employer must actively join in a physical way in carrying on the particular work which produces the injury."

[2] Plaintiff's complaint alleges no other basis to impose a duty on defendant. We assume, as the parties did, that plaintiff's allegation that "Defendant then and there maintained the pole" is sufficient to permit the inference that defendant is an owner or occupier of land.

pursuant to ORS 758.035(1)[3] and that defendant had a right to "reasonable compensation" under that statute. From that, plaintiff concludes that defendant may have received an economic benefit that would confer invitee status upon plaintiff. However, there is nothing in the pleadings on which plaintiff's argument can be based. He merely alleged that his employer had "obtained permission and license" to use the pole for installing and servicing cable. Although it may be inferred from that allegation that plaintiff's employer benefits from that use, no facts are pleaded indicating any benefit to defendant. Plaintiff's allegations indicate only that he was a licensee.

■■ A possessor of land does not owe a duty to a licensee to make its premises safe, but must only disclose any concealed, dangerous conditions of the premises of which he has knowledge. *Rich v. Tite-Knot Pine Mill, supra,* 245 Or at 191. Plaintiff does not allege that defendant knew that the pole was decayed and dangerous. He alleges that defendant maintained the decayed pole and failed to inspect it and post a notice or warning of the decayed condition. Those are allegations of duties owed an invitee, not a licensee. *See Siegel v. PGE,* 79 Or App 47, 717 P2d 1245, *rev den* 301 or 445 (1986).

■ Finally, plaintiff has alleged no wantonness, intentional wrong or active negligence by defendant. In the absence of allegations of such conduct by the owner or occupier of land, a licensee takes the premises as he finds them. *Napier v. First Cong. Church, supra,* 157 Or at 113.

Affirmed.

---

[3] ORS 758.035(1) provides:

"Every public utility, person, association or corporation having conduits, subways, street railway tracks, poles or other equipment on, over or under any street or highway shall for a reasonable compensation permit the use of the same by any public utility whenever public convenience or necessity requires such use and such use will not result in irreparable injury to the owner or other users of such equipment nor in any substantial detriment to the service to be rendered by such owners or other users."