# THOMPSON,
*Appellant,*

*v.*

# KLIMP et al,
*Respondents.*

## (87-7-315; CA A60038)

789 P2d 696

Margaret H. Leek Leiberan, Portland, argued the cause for appellant. With her on the briefs was Paul J. Rask, Portland.

Duane Vergeer, Portland, argued the cause for respondents. On the brief were Norma S. Poitras and Vergeer, Roehr & Sweek, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

Plaintiff appeals a judgment dismissing his complaint seeking damages for personal injury allegedly caused by defendants' negligence. The court granted defendants' ORCP 21A(8) motion on the ground that the facts alleged do not state a claim. We reverse.

Plaintiff alleged in his second amended complaint that defendants owned and managed an apartment complex and

"3

"Plaintiff was employed as a professional process server whose duties required him to serve official court process upon designated persons.

"4

"While performing his duty, plaintiff was injured when he slipped and fell on a commonly used stairway on the Defendant's [sic] premises.

"5

"Plaintiff was required to be on the premises, either by express or by implied invitation of one of the tenants of Defendant's [sic] apartment complex, and arising out of a necessity of that tenant.

"6

"Defendant [sic] owed a duty to Plaintiff to provide and maintain the commonways in a reasonably safe condition."

Defendants moved to strike paragraph 5 and to dismiss the complaint for failure to state a claim, because a process server is not an invitee as a matter of law and, therefore, defendants owed no duty to protect plaintiff from the inadequacy of the stairway. The court granted the motions without explanation.

Plaintiff makes five assignments of error, but they all involve the same issue—whether paragraph 5 is an appropriate or sufficient allegation to state an element of plaintiff's claim relating to defendants' duty to plaintiff.

The parties appear to agree that, traditionally, the liability of an owner or occupant of land for an injury caused by the condition of the property depends on the status of the plaintiff at the time of the injury. If the plaintiff is an invitee,

expressly or by implication, the defendants are liable for their failure to make or keep the premises reasonably safe. On the other hand, if the plaintiff is a licensee, the defendant's liability is limited to injuries caused by wilful or wanton acts, gross negligence or failure to warn of pitfalls or traps. *Ragnone v. Portland School Dist. No. 1J,* 291 Or 617, 633 P2d 1287 (1981); *Rich v. Tite-Knot Pine Mill,* 245 Or 185, 421 P2d 370 (1966).

Defendants argue that a process server is, at best, a licensee and that the allegations do not show a breach of duty owed to a licensee. They additionally argue that the allegations of paragraph 5 are merely conclusions and that no facts are alleged to support the characterization of plaintiff as an invitee. Essentially, defendants contend that, as a matter of law, a process server entering residential property to perform his duties cannot be an invitee.

■ In addition to arguing that paragraph 5 is a sufficient allegation, plaintiff contends, alternatively, that, under *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), the issue is simply resolved as a fact question of foreseeability without consideration of a specific duty owed to him. In *Van Den Bron v. Fred Meyer, Inc.,* 86 Or App 329, 738 P2d 1011 (1987), we concluded that a claim which invokes the obligations of a possessor of land to an invitee or licensee has invoked a "special relationship" that takes the claim out of the generalized standards of common law negligence. Consequently, pre-existing case law has survived *Fazzolari.* It follows that plaintiff is required to allege the basis of defendants' duty toward him. *Settle v. PGE,* 81 Or App 474, 726 P2d 389, *rev den* 302 Or 460 (1986).

■ ■ In reviewing a dismissal under ORCP 21A(8), we accept as true facts that are well pleaded. *Doyle v. Oregon Bank,* 94 Or App 230, 764 P2d 1379 (1988), *rev den* 307 Or 571 (1989). Plaintiff pleaded that defendants owed a duty of due care to him in his status as an invitee. He also alleged that he was invited to the premises. That is sufficient. There is nothing in the status of a professional process server that, as a matter of law, negates his being an invitee. The court erred in striking paragraph 5 and in dismissing the complaint.

Reversed and remanded.