Argued and submitted January 29, resubmitted In Banc May 9, affirmed June 13,
reconsideration denied August 8, petition for review denied October 2, 1990
(310 Or 422)

Billie J. REX,
*Appellant,*

*v.*

ALBERTSON'S, INC.,
*Respondent.*

(88CV-1117; CA A60733)

792 P2d 1248

Alexander A. Wold, Jr., Eugene, argued the cause for appellant. With him on the brief was Dwyer, Simpson & Wold, P.C., Eugene.

Daniel M. Spencer, Coos Bay, argued the cause for respondent. With him on the brief were William A. McDaniel and Foss, Whitty, Littlefield & McDaniel, Eugene.

GRABER, J. pro tempore

Edmonds, J., dissenting.

**GRABER, J.** pro tempore

In this personal injury action, plaintiff alleged that she was injured when she fell after slipping in defendant's grocery store. The trial court granted defendant's motion for summary judgment. ORCP 47C. Plaintiff appeals, and we affirm.

Plaintiff slipped and fell on a blueberry that was on the tile floor of the produce section of defendant's store. The berry was 20 to 25 feet away from the display table, where berries were arranged in small, uncovered baskets. Defendant's produce manager testified that employees swept the produce area about every half hour if needed and that, for "safety reasons," the store put mats on the floor in front of displays of "loose" produce, such as blueberries. The store used the mats, because small fruit "could fall off, hit the ground." The manager said that he had swept the area where plaintiff fell about 10 to 15 minutes before the incident and that he did not see the berry then.

Plaintiff conceded that defendant did not place the berry on the floor, that defendant had no actual notice of it, and that she could not prove that the berry had been there for so long that defendant should, in the exercise of reasonable diligence, have discovered and removed it, because the length of time that it had rested there was "unknown and unprovable." The trial court granted summary judgment, holding that there was no issue of fact as to whether defendant had actual or constructive notice of the presence of the berry on the floor.

■ Relying on *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), plaintiff argues that the court should not have granted summary judgment, because a

> "jury could find that defendant should have taken additional measures to ensure that the fruit would not fall on the floor * * * namely, by wrapping the small fruit in cellophane or other wrapping. * * * The issue is not notice, but the reasonability [sic] of defendant's conduct in dealing with a known risk."

We observe at the outset that *Fazzolari* did not supplant existing case law concerning premises liability. The obligations of a storekeeper to a customer create a "special relationship" that

takes the claim out of the general standards of common law negligence. *Thompson v. Klimp,* 101 Or App 127, 130, 789 P2d 696 (1990); *Van Den Bron v. Fred Meyer, Inc.,* 86 Or App 329, 331 n 1, 738 P2d 1011 (1987); *but see Bellikka v. Green,* 306 Or 630, 640, 762 P2d 997 (1988); *U.S. National Bank of Oregon v. Zellner,* 101 Or App 98, 789 P2d 670 (1990).

■ In *Van Den Bron,* we stated what a plaintiff must prove to recover against the occupant of business premises in a slip-and-fall case:

> "An invitee who is injured by slipping on a foreign substance on the floor of a business property, in order to recover from the occupant having control of the property, must show: (1) that the substance was placed there by the occupant, *or* (2) that the occupant knew that the substance was there and failed to use reasonable diligence to remove it *or* (3) that the foreign substance had been there for so long that the occupant should, in the exercise of reasonable diligence, have discovered and removed it." 86 Or App at 331. (Emphasis in original.)

Concededly, plaintiff fails the test. She asserts, however, that her focus is on the packaging of the produce, rather than on the presence of the berry on the floor. That argument, with which the dissent agrees, is wrong for two reasons.

■ First, plaintiff's theory would create by indirection a new liability. Under her reasoning, an occupier of premises who places foreign objects where they might fall on the floor is liable, because it *should have known* of the risk that an object would be on the floor. We decline plaintiff's invitation to add a fourth, "should have known" test to the list of ways that an invitee plaintiff can state a claim against a storekeeper in a slip-and-fall case.

■ Second, plaintiff ignores the Supreme Court's rejection of that line of reasoning. In *Lee v. Meier & Frank Co.,* 166 Or 600, 114 P2d 136 (1941), the court held that a customer who had tripped over a pillow in the aisle of a store failed to state a claim against the owner of the store. The plaintiff's theory was

> "that (1) the defendant's pillow rack was not of sufficient size; (2) the rack was not provided with a sufficient guard to prevent pillows from falling into the aisle; and (3) the defendant

piled pillows in the rack 'at a careless and negligent height, manner and arrangement.' " 166 Or at 602.

Nonetheless, the storekeeper was not liable, because it had not placed the pillow in the aisle, did not actually know of its presence, and had no constructive notice arising from the pillow's presence on the floor for a sufficiently long time. 166 Or at 604-05. *Lee* has not been overruled, and, the dissent's effort notwithstanding, it is indistinguishable from the present case.

Affirmed.

**EDMONDS, J.,** dissenting

In this summary judgment proceeding, the majority holds that there was no genuine issue of material fact as to whether defendant was negligent. In so holding, the majority fails to focus on plaintiff's argument. Plaintiff argues:

"[A] jury could find that defendant should have taken additional measures to ensure that the fruit would not fall on the floor * * *, namely, by wrapping the small fruit in cellophane or other wrapping. * * * The issue is not notice, but the reasonability [*sic*] of defendant's conduct in dealing with a known risk."

Thus, under plaintiff's argument, it is immaterial whether defendant knew or should have known that the berry was on the floor.

In a summary judgment proceeding, a party in the position of plaintiff is entitled to all reasonable inferences that can be drawn from the evidence. *See Welch v. Bancorp Management Services,* 296 Or 208, 218, 675 P2d 172 (1983). Plaintiff offered evidence that defendant was aware of the fact that the produce was displayed in a hazardous manner.

Defendant's produce manager testified:

"Q.   Now, when you sign off on a sheet, this means that you completed the floor sweep, is that right?

"A.   Right.

"Q.   And is that literal, that is, you take a broom out and sweep the whole floor?

"A.   Sweep where I water the wet rack and go around the tables and inspect the tables.

"Q. Where is it swept, specifically?

"A. We sweep the water. If there's any water that comes off the hose, we sweep that first, which is the wet rack, and take the broom, go around the tables and sweep around the tables. Just basically we see with naked eye [*sic*]. We don't — there's nothing there, there's no sense sweeping.

"Q. So you don't sweep the whole floor literally? You inspect it and sweep what needs to be swept?

"A. Right.

"Q. And you do that once an hour or so and then — or every 30 minutes?

"A. Oh, actually we do it every half hour or 30 minutes because we do water the wet rack then.

"Q. So you do the same thing both on the hour and on the half hour; is that right?

"A. (witness nods head)

"Q. Is there anything else on the floor like rugs or mats?

"A. Yes.

"Q. Where are they?

"A. They're located with the — best time of year we have grapes and put those [*sic*] — if they're on the table or if they're on the wet rack, there's a mat in front of those or two mats if they're on the table there, you know, completely surrounded.

"Q. For the grapes?

"A. Or anything else which is loose; blueberries, strawberries.

"Q. What's the reason for that?

"A. Basically because they just come loose and they — you know, customers picks [*sic*] them up, they could fall off, hit the ground. Safety reasons."

The majority posits that adopting plaintiff's argument would create a new theory of liability because, under her reasoning, an occupier of business premises is liable if it should have known that a foreign object might have fallen from a display and created a hazard on the floor. I suggest that the majority might not so readily disregard plaintiff's argument if it had not been a berry that fell to the floor and caused the floor to become hazardous. Suppose that it had been a large heavy object that had been improperly secured on a display shelf and had fallen and injured a customer. In both

that instance and this one, the store has a duty to display its wares in a safe manner. The fact that the berry did not directly injure plaintiff until she stepped on it makes no difference to the analysis. That fact is simply the final link in the chain of causation that is triggered by the manner in which the produce is displayed.

Secondly, the majority misreads the holding of *Lee v. Meier & Frank,* 166 Or 600, 114 P2d 136 (1941). *Lee* is distinguishable because, there, the court found that the arrangement of pillows in a display could not, *based on the evidence adduced,* give rise to an inference of negligence unless the plaintiff additionally proved that the merchant permitted the pillows to remain in passageways after he received timely notice of their presence there, or failed to make visits at reasonable intervals in order to acquaint himself with the condition of the passageways. 166 Or at 610. The decision in *Lee* is based upon examination of an entire trial record and turns on its own facts. Unlike in *Lee,* a permissible inference exists in this summary judgment proceeding that the manner of display was hazardous regardless of whether defendant was aware, or should have been aware, that a particular berry was on the floor. Clearly, defendant was aware of the propensity of berries to drop onto the floor and become a hazard. A jury might find that a reasonable person under those circumstances would display or package the berries in a different manner so as to preclude them from falling to the floor. I would hold that, under these circumstances, plaintiff is entitled to have her theory presented to a jury.

Rossman and Newman, JJ., join in this dissenting opinion.