Christina ABBOTT,
Personal Representative for the Estate of
Justin Martin Abbott, Deceased,
*Appellant,*

*v.*

WEST EXTENSION IRRIGATION DISTRICT,
*Respondent.*

(CV88-418; CA A61651)

822 P2d 747

Michael H. Bloom, Portland, argued the cause and filed the briefs for appellant.

Janet M. Schroer, Portland, argued the cause for respondent. With her on the brief were Ridgway K. Foley, Jr., P.C., Richard J. Kuhn and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Defendant is a municipal corporation that owns a 26-mile long irrigation canal in Umatilla County. The canal was built in 1916 and includes a right of way 100 to 200 feet wide on both sides of its course. Part of the canal is in a residential area in the city of Umatilla. It is not fenced, and no warning signs are posted along it. On September 12, 1987, plaintiff's 4-year-old son, Justin, fell into it and drowned. Plaintiff brought a wrongful death action, asserting that defendant was negligent in several respects, including maintaining the canal as an attractive nuisance. The jury found that defendant was not negligent.

■    Plaintiff assigns error to the court's denial of her motion for judgment as a matter of law that the canal is an attractive nuisance.[1] She asserts that the 5-element analysis in *Pocholec v. Giustina*, 224 Or 245, 355 P2d 1104 (1960), to determine whether a landowner is liable for injuries sustained by a trespassing child[2] was implicitly overruled by *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987).

■    The obligation of a landowner[3] to a trespasser involves a matter of "status" that takes an injury or death

---

[1] A motion for judgment as a matter of law is the equivalent of a motion for a directed verdict. *Shook v. Travelodge of Oregon*, 63 Or App 137, 142, 663 P2d 1280, *rev den* 295 Or 541 (1983).

[2] The court stated:

"A possessor of land or a chattel is subject to liability for physical harm to children trespassing thereon, caused by a condition of the land or chattel, if

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

"(b) the condition is one of which the possessor knows or has reason to know, and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the conditions or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." 224 Or at 252, *citing* Prosser, "Trespassing Children," 47 Cal L Rev 427, 469 (1959).

[3] Plaintiff does not assert that defendant's status as a lessee of the property on which the canal is built requires a different analysis.

claim out of the general rules of common law negligence. *See Rex v. Albertson's Inc.*, 102 Or App 178, 180, 792 P2d 1248, *rev den* 310 Or 422 (1990). Consequently, landowners' liability to trespassers was not affected by the principles enunciated in *Fazzolari v. Portland School Dist. No. 1J, supra. See Thompson v. Klimp*, 101 Or App 127, 130, 789 P2d 696 (1990). Defendant was liable for Justin's death under an attractive nuisance theory only if plaintiff made out a case under the criteria in *Pocholec. See Karbolis v. Liebert*, 263 Or 64, 69, 501 P2d 315 (1972).

■■    Denial of a motion for directed verdict will be sustained if there is substantial evidence, considered in the light most favorable to the non-moving party, to make a jury issue. *City of Portland v. Hoffman Const. Co.*, 286 Or 789, 792, 596 P2d 1305 (1979). Plaintiff's evidence was insufficient to prove at least one of the *Pocholec* elements: that Justin did not "discover the conditions or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it." *See* n 2, *supra.* Justin's grandfather, mother and aunt all testified that they had warned him repeatedly not to go near the canal. His aunt testified that she had told him that the canal was dangerous and that, if he fell in, he might drown. She also testified that he understood her. Plaintiff asserts that, as a matter of law, a 4-year-old cannot be aware of any danger posed by the canal, but the jury could have found that Justin knew or should have known of and appreciated the danger. *See Bosin v. Oak Lodge Sanitary District*, 251 Or 554, 562, 447 P2d 285 (1968). We conclude that the court did not err when it denied plaintiff's motion for a directed verdict.

■    Plaintiff also assigns error to the court's refusal to give a modification of a uniform jury instruction. She requested that, in giving UCJI No. 120.09, it include the italicized language:

> "(4)   The utility of maintaining the condition and burden of eliminating the danger *or otherwise protecting the children* were slight as compared with the risk to children involved * * *."

She argues that the court's refusal to add those words prevented the jury from finding that defendant was negligent for

failing to take safety measures short of eliminating the danger. However, the instruction without modification restates precisely (except for tense) the correct standard for 1 element of liability. *See* n 2, *supra.* The court did not err in refusing to give the modified uniform jury instruction.

Plaintiff next assigns error to the court's granting of defendant's motion *in limine* to exclude evidence that other children had drowned in the canal. The court ruled that the evidence was unduly prejudicial, because those drownings were too remote in time and location. OEC 403. We review only for abuse of discretion. *Carlson v. Piper Aircraft Corp.,* 57 Or App 695, 701, 646 P2d 43, *rev den* 293 Or 801 (1982). The other drownings had occurred 18 and 10 years before and in different parts of the canal, not in the residential area where Justin drowned. The court did admit evidence of another drowning that was close in time and location to Justin's. The court did not abuse its discretion.

Plaintiff assigns error to the court's denial of her motion *in limine* to exclude evidence about her supervision of Justin.[4] The court admitted the evidence, because it relates to foreseeability. In *Bosin v. Oak Lodge Sanitary District, supra,* the court ruled that evidence of whether a 4-year-old boy's parents had supervised him before he fell into a hole in the street had been properly admitted:

> "The question here is not one of contributory negligence of the parents, but relates to the foreseeability by the defendants of harm to the child and, while the negligence, if any, of the parents may be relevant upon that question, it is only one of the factors affecting it. It was for the jury to say whether the defendants could rightly assume that the parents of the plaintiff would protect him from such an injury as befell him." 251 Or at 563.

The court did not abuse its discretion in denying the motion.

Plaintiff assigns errors to the admission of other evidence. She asserts, first, that the court erred in admitting evidence of what Justin knew about the risk posed by the canal. However, the jury had to determine what he knew in order to decide whether he should have realized the risk posed

---

[4] Plaintiff's fifth assignment of error is a variation of the same theme. We do not address it separately.

by the canal. *See* n 2, *supra*. She also asserts that the court erred in allowing 2 witnesses to give their opinions as to whether it was reasonable to leave the canal unfenced. Both witnesses were irrigation district managers, and one had worked as a ditchrider. They were qualified by knowledge and experience to give their opinions to assist the jury in its determination of the utility and the burden of constructing a fence along the canal. OEC 702; *see Pocholec v. Giustina*, *supra*.

Plaintiff makes 4 other assignments of error regarding the admission of evidence that merit no discussion. The assignment of error to the court's striking of an attorney fee allegation in her complaint is moot. *See Fox v. Fletcher*, 274 Or 599, 603, 547 P2d 1392 (1976).

Affirmed.