Edward Russell LEGG,
by and through
Janette L. Legg,
his Guardian Ad Litem,
*Appellant,*

*v.*

Frederick J. BLANCHFIELD
and Caroline Lindstedt,
*Respondents.*

(90-CV-0132-MS; CA A71198)

841 P2d 662

Mark G. Reinecke and L. Ross Brown, Bend, filed the brief for appellant.

Howard G. Arnett, Bend, argued the cause for respondents. With him on the brief were Dennis James Hubel and Karnopp, Petersen, Noteboom, Hubel, Hansen & Arnett, Bend.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The 12-year-old plaintiff jumped from the roof of a structure on property occupied by the family of a playmate onto a wooden fence on neighboring property owned by defendant Blanchfield and leased by defendant Lindstedt. The top board of the fence broke, and plaintiff fell and was injured. He brought this action, alleging in one claim that the fence was an "attractive nuisance" and in a second claim that he was defendants' licensee rather than a trespasser. The trial court granted summary judgment for defendants. Plaintiff appeals, and we affirm.

■ In *Abbott v. West Extension Irrigation District*, 110 Or App 385, 387 n 2, 822 P2d 747 (1991), *rev den* 313 Or 299 (1992), we reiterated the elements that a trespassing child must establish to recover on an attractive nuisance theory:

" 'A possessor of land or a chattel is subject to liability for physical harm to children trespassing thereon, caused by a condition of the land or chattel, if

" '(a)   the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

" '(b)   the condition is one of which the possessor knows or has reason to know, and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

" '(c)   the children because of their youth do not discover the conditions or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

" '(d)   the utility of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

" '(e)   the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.' "
(Quoting *Pocholec v. Giustina et al*, 224 Or 245, 252, 355 P2d 1104 (1960).)

We also rejected the plaintiff's argument that that analysis had been implicitly overruled by *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987).

In the summary judgment proceeding here, defendants produced uncontroverted evidence to refute several of

the elements delineated in *Abbott*. Defendants' evidence established that the fence was six feet in height and could not be climbed without a ladder. Defendants further established that, as far as either of them knew, *no* child had ever trespassed on the fence before plaintiff did. That evidence conclusively demonstrated that the "place where the [allegedly harmful] condition exists is [not] one which the possessor knows or has reason to know that children are likely to trespass."

Plaintiff contends that defendants were aware that children played in the area and that that fact makes it a jury question whether they should reasonably have foreseen that children would "trespass on their property and climb the fence." Insofar as that argument presupposes that the foreseeability analysis in *Fazzolari* and related cases is germane, it fails. Insofar as the argument posits that there was a permissible inference that defendants knew or should have known that children would trespass where the condition existed, it also fails. The fence could not be climbed. For the same reason, defendants' evidence was also sufficient to establish that they had no knowledge or basis for knowledge that the allegedly harmful condition of the fence "involve[d] an unreasonable risk of death or serious bodily harm" to children.

Because defendants' refutation of any one of the elements suffices to support the trial court's summary judgment on the attractive nuisance claim, it is unnecessary for us to discuss the evidence pertaining to elements other than the two that we have addressed. The summary judgment on that claim was proper.

■    In his second claim, plaintiff asserts that he was a licensee and is therefore entitled to recover on a lesser showing than would be necessary under his first theory. He explains:

> "Plaintiff's second claim for relief alleges that plaintiff was a guest on the premises at [the friend's property], including the common fence separating it from [defendants' property]. As such, plaintiff had the status of a licensee on the fence. In their motion for summary judgment, defendants assert that there is evidence which shows that the fence was not on the line between the two properties. But the

evidence offered is mere beliefs as to the actual location of the fence. There has [*sic*] been no factual allegations which contradict plaintiffs' complaint, only assumptions."

We do not agree with plaintiff's estimation of the adequacy of defendants' evidence. The testimony of the owners of both lots was that the fence was located solely on defendants' property, and the owner of the neighboring property offered physical facts to substantiate that belief. The physical facts, such as the characteristics, color and height of the portion of the fence in question and other fences and structures on the two properties, lend independent support to the same fact that the owners testified about. Defendants' evidence was uncontroverted, and it conclusively established that the fence was on defendants' property alone. It is therefore unnecessary for us to decide whether, if the fence had been on a common property line, the legal conclusion could follow that plaintiff was defendants' licensee as well as the neighbor's. The trial court correctly granted summary judgment on both claims.

Affirmed.