Argued and submitted April 12, affirmed December 22, 1993, reconsideration denied April 13, petition for review denied May 10, 1994 (319 Or 80)

Christine GRIFFIN,
*Appellant,*

*v.*

K.E. McKAY'S MARKET
OF COOS BAY, INC.,
a corporation dba McKay's Price and Pride,
*Respondent.*

(90CV 170; CA A73145)

865 P2d 1320

Michael Henderson argued the cause and filed the briefs for appellant.

P. David Ingalls argued the cause for respondent. With him on the brief was Cowling & Heysell.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

In this personal injury action, plaintiff alleged that she was injured when she slipped and fell in defendant's grocery store. At the close of plaintiff's case-in-chief, the trial court granted defendant's motion for a directed verdict. ORCP 60. Plaintiff appeals, and we affirm.

On April 25, 1988, plaintiff slipped and fell while she was in the frozen food aisle of defendant's store. Plaintiff testified that she did not remember slipping nor did she remember seeing water on the floor either before or after she fell, but she knew she slipped on "something wet, because * * * the back of my Levis was a little bit wet from it." An accident report, filled out by the store's night manager soon after the incident, stated:

> "Water was spilt [sic] in front of the ice merchandiser and [plaintiff] slipped and fell in the water, on her tailbone. She was also wearing rubber slippers not shoes.
>
> "ACTION TAKEN: None. She called after she got home."

The evidence showed that a box boy had been filling an ice merchandiser with bags of ice from a loading dolly and that he temporarily left this activity when he was called to the front of the store.[1] The store manager testified that at the next scheduled store meeting after plaintiff's fall, he reminded employees of the store's "policies for box boy personnel and keeping the floors safe and dry." At that meeting, he reiterated his earlier instructions that the ice merchandiser was to be filled in a prompt manner and that the person filling the merchandiser was not to be called away from that job duty.

■ ■ The trial court granted defendant's motion for a directed verdict on the ground that "there is no evidence from which the jury, outside of speculation and guesswork, could find negligence." In an appeal from a judgment on a directed verdict, we view the evidence in the light most favorable to the non-moving party and give to that party the benefit of every reasonable inference that may be drawn from the evidence. *Shockey v. City of Portland*, 313 Or 414, 422, 837 P2d 505

---

[1] This evidence was brought out when plaintiff's attorney questioned the manager of defendant's store. Plaintiff, in her testimony, did not mention the ice merchandiser or the dolly.

(1992), *cert den* 113 S Ct 1813 (1993). We will uphold the judgment only if a reasonable person could draw just one inference from the evidence and that inference supports the conclusion that the non-moving party was not negligent. *Van Den Bron v. Fred Meyer, Inc.*, 86 Or App 329, 333, 738 P2d 1011 (1987).

In *Rex v. Albertson's, Inc.*, 102 Or App 178, 181, 792 P2d 1248, *rev den* 310 Or 422 (1990), we restated the standard that a plaintiff must meet to recover in a slip-and-fall case:

> " 'An invitee who is injured by slipping on a foreign substance on the floor of a business property, in order to recover from the occupant having control of the property, must show: (1) that the substance was placed there by the occupant, *or* (2) that the occupant knew that the substance was there and failed to use reasonable diligence to remove it, *or* (3) that the foreign substance had been there for so long that the occupant should, in the exercise of reasonable diligence, have discovered and removed it.' " (Quoting *Van Den Bron v. Fred Meyer, Inc., supra*, 86 Or App at 331.)[2]

Here, we find no evidence from which a jury could reasonably infer facts supporting a conclusion that defendant was negligent under any of the three theories of recovery. As to the first theory, plaintiff argues that a jury could reasonably infer that the water in which plaintiff slipped was there as a result of the box boy loading the ice merchandiser. We disagree. Plaintiff presented evidence to support two findings of fact: (1) a dolly with bagged ice was left unattended near the ice merchandiser, and (2) water was spilled in front of the ice merchandiser. There was absolutely no evidence, however, as to when the dolly was left unattended in relation to when plaintiff fell, nor was there evidence of how long the ice bags sat on the dolly. In *Eitel v. Times, Inc.*, 221 Or 585, 594, 352 P2d 485 (1960), the Supreme Court stated the standard for establishing such a causal connection:

> " '[The plaintiff] must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than

---

[2] Because a storekeeper's obligations to a customer create a "special relationship," *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987), and its progeny do not apply to cases involving premises liability. *Rex v. Albertson's, Inc., supra*, 102 Or App at 180-81.

not that the conduct of the defendant was a substantial factor in the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.' " (Quoting Prosser, *Prosser on Torts* 222 (2d ed 1955).) *Accord* Prosser and Keeton, *Torts* 269 (5th ed 1984).

We conclude that plaintiff's evidence was insufficient to allow an inference that defendant placed the foreign substance on the floor.

As to the second theory of recovery, the evidence was also insufficient to support a reasonable inference of defendant's liability. Plaintiff presented no evidence that, at any time before the fall, defendant's employees actually knew that ice or water had been spilled on the floor. *Diller v. Safeway Stores, Inc.*, 274 Or 735, 739, 548 P2d 1304 (1976). Plaintiff appears to argue, however, that the store manager's re-instruction to his employees about store procedures for proper loading of the ice merchandiser demonstrates that defendant should have known that ice or water was on the floor. In *Rex v. Albertson's Inc.*, *supra*, 102 Or App at 181, we specifically declined to add a fourth theory of recovery whereby a defendant who places a foreign substance where it might fall on the floor is liable "because it *should have known* of the risk that an object would be on the floor." (Emphasis in original.) Further, even if we were to accept plaintiff's argument, the evidence here is insufficient for the reason that we have already discussed: absent evidence of when plaintiff fell in relation to when the box boy left the dolly, a jury would have to speculate in order to find that the water that plaintiff slipped in was there as a result of the box boy loading the ice merchandiser.

In regards to the third theory of recovery, plaintiff failed to present any evidence from which an inference could be drawn as to how long the water was on the floor before she fell. Consequently, a jury could not have found that defendant should have discovered the ice or water and removed it. *Weiskopf v. Safeway Stores, Inc.*, 271 Or 630, 533 P2d 347 (1975).

We conclude that no reasonable inference could have been drawn from this evidence that plaintiff fell as a result of defendant placing ice or water on the floor, that defendant had actual knowledge of the presence of ice or water on the floor, or that defendant should have discovered it because of the ice or water's presence for an extended period of time. Plaintiff's claim that defendant failed to warn her of the ice or water is also without merit.

Affirmed.