Argued and submitted December 14, 1995, reversed and remanded March 20, 1996

## Eleanor HOWARD,
### *Appellant,*
### *v.*
## KIENOW'S FOOD STORES, INC.,
### *Respondent.*

(C940-884CV; CA A88514)

913 P2d 721

Michael N. Gutzler argued the cause for appellant. With him on the briefs was Vick & Gutzler.

Janet M. Schroer argued the cause for respondent. With her on the brief were Marjorie A. Speirs and Hoffman, Hart & Wagner.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff alleged that she was injured when she fell after slipping on a staple in defendant's grocery store. The trial court granted defendant's motion for summary judgment on the ground that the evidence would not allow a jury to infer that defendant's employees placed the staple at the spot where plaintiff fell or that the staple was on the floor for so long that defendant was negligent in failing to discover and remove it. *See Griffin v. K.E. McKay's Market of Coos Bay, Inc.*, 125 Or App 448, 451, 865 P2d 1320 (1993), *rev den* 319 Or 80 (1994) (describing theories under which an invitee can recover for slipping and falling on a foreign substance on business property). We reverse.

The evidence is that the staple came from a box used in defendant's meat department. A jury could therefore infer that a person in that department negligently left it on defendant's floor.[1] The fact that the staple may later have been moved by an employee or customer to the location where plaintiff stepped on it does not necessarily insulate defendant from its negligence in placing the object on the floor.

A jury could also find that the staple was on the store's floor for at least four hours before the accident and that defendant had swept the floor and should, in the exercise of reasonable diligence, have discovered it and removed it before the accident.

Reversed and remanded.

---

[1] This case is distinguishable from *Rex v. Albertson's Inc.*, 102 Or App 178, 792 P2d 1248, *rev den* 310 Or 422 (1990), on which the trial court relied, because defendant used the staple in its operations, giving rise to an inference that defendant was responsible for its being on the floor.