Argued and submitted March 17, reversed and remanded April 16, 1997

## Virgil Emory SIPES, Jr.,
*Appellant,*

*v.*

## Virgil Emory SIPES, Sr.,
*Defendant,*

*and*

## Judith H. SIPES,
*Respondent.*

(94-1-370; CA A93978)

936 P2d 1027

J. Michael Dwyer argued the cause and filed the briefs for appellant.

Barbara Johnston argued the cause for respondent. With her on the brief were William H. Stockton and Brisbee & Stockton.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

At issue in this case is the timeliness of plaintiff's claim of negligence against defendant, his mother, for damages that he suffered at the abusive hand of his father between 20 and 30 years ago. The trial court dismissed the complaint and entered judgment under ORCP 67 B on the ground that the complaint had been untimely filed. Plaintiff appeals, arguing that, under ORS 12.117, his complaint for negligence against defendant constituted an action based on conduct "knowingly allowing, permitting or encouraging child abuse" which, if filed within three years of discovery of the connection between the abuse and resulting injuries, was timely filed. Because he filed his complaint within three years of his discovery of the connection between his abuse and his resulting physical and psychological injuries, plaintiff contends, his complaint was timely filed. We agree with plaintiff and reverse and remand.

On January 25, 1994, plaintiff filed a complaint against Virgil Emory Sipes, Sr., his father, and Judith H. Sipes, his mother. He alleged claims of negligence, battery and intentional infliction of emotional distress. Following several rounds of motions against the complaint, plaintiff ultimately filed a second amended complaint, in which he alleged claims of child abuse and intentional infliction of emotional distress against his father and a claim of negligence against his mother. The relevant allegations of the second amended complaint are as follows:

"3.

"Defendant Sipes Sr. knowingly and intentionally committed acts of physical and sexual abuse against plaintiff from the time plaintiff was a young child until he was about 15 years old. * * *

"* * * * *

"8.

"Plaintiff did not discover the causal connection between his psychological injuries and the child abuse, nor in the exercise of reasonable care should he have discovered the causal connection between the injuries and the child

abuse, until he received the help of a professional therapist beginning in November 1991. * * *

"* * * * *

### "16.

"During the years plaintiff was a child, plaintiff was under the care, custody and control of his mother, defendant Judith Sipes.

### "17.

"When plaintiff was a child, defendant Judith Sipes knew, or should have known, that defendant Virgil Sipes, Sr. committed acts of child abuse of the type and variety alleged in paragraph 3 against plaintiff.

### "18.

"Defendant Judith Sipes knew or should have known that if she allowed or permitted the acts of child abuse by defendant Virgil Sipes, Sr. against plaintiff, and if she failed to protect plaintiff from the acts of abuse, she was creating a foreseeable risk of significant harm to plaintiff.

### "19.

"Despite that foreseeable risk of harm to plaintiff, defendant Judith Sipes knowingly allowed or permitted the acts of child abuse to continue by her failure to take protective action for the benefit of plaintiff. Such conduct was unreasonable and negligent in the following ways:

"a.    Defendant Judith Sipes failed to notify the police about the child abuse.

"b.    Defendant Judith Sipes failed to notify the Children's Services Division about the abuse.

"c.    Defendant Judith Sipes failed to remove plaintiff from the home or the presence of defendant Virgil Sipes, Sr.

"d.    Defendant Judith Sipes failed to phone for emergency assistance during and after the acts of child abuse.

"e.    Defendant Judith Sipes failed to report the child abuse and take plaintiff for evaluation and treatment to doctors and hospitals.

"f. Defendant Judith Sipes failed to take plaintiff for evaluation and treatment to a mental health professional.

"g. Defendant Judith Sipes failed to seek assistance from adult family members and relative or other non-family adults for the child abuse."

Defendants filed for bankruptcy protection. The bankruptcy court then issued an order granting relief from an automatic stay to allow plaintiff to determine whether he may bring his negligence action against his mother. More specifically, the order requires that there be a state court determination whether the negligence claim is precluded by the applicable statute of limitations. The order further provides that, in the event that it is determined that plaintiff's negligence claim has been timely filed,

"he may present to [the bankruptcy] court an Order Granting Relief From the Automatic Stay to pursue his negligence claims against debtor Judith Sipes, on the condition that recovery shall be limited to any applicable insurance policies held by debtors."

We turn, then, to the question whether the trial court correctly dismissed the negligence claim against defendant Judith Sipes on statute of limitations grounds. ORS 12.117 provides that, notwithstanding the ten-year statute of ultimate repose for negligence actions, ORS 12.115, an action based on "conduct knowingly allowing, permitting or encouraging child abuse" may be brought within three years of the date that the plaintiff discovered or reasonably should have discovered the injuries resulting from the abuse or the causal connection between the injuries and the abuse. Plaintiff contends that this is such a claim, as evidenced by his explicit allegations that, with actual knowledge of the abuse, defendant continued to take no action to prevent it from continuing to occur. Defendant offers two arguments in response. First, she argues that, whether she knew of the abuse, the fact remains that plaintiff's claim is one for negligence, and the statute applies only to claims based on intentional conduct. Second, and in the alternative, defendant argues that, precisely because of the allegation that she knew of the child abuse and allowed it to occur anyway, plaintiff may have stated a claim for an intentional tort, but he has failed to

state a claim in negligence, and the claim is subject to dismissal for failure to state a claim:

> "Plaintiff here titled his * * * Claim for Relief, 'Negligence.' His giving it that title, however, does not make it so. He must allege ultimate facts which could lead a trier of fact to conclude that the mother was negligent. If the facts alleged could only lead a trier of fact to conclude that what the mother did was intentional, then the plaintiff's legal conclusions do not fit his allegations of fact and the court below was correct to dismiss the claim."[1]

■ Defendant's first argument is disposed of by our opinion in *Lourim v. Swensen*, 147 Or App 425, 443-44, 936 P2d 1011 (1997), in which we held that the three-year-from-discovery limitation period applies to negligence claims that are based on an individual actually knowing that child abuse is occurring and allowing, permitting or encouraging it to continue.

■■ · Defendant's second argument, to the extent that we understand it, is incorrect. Merely because conduct is knowing does not necessarily mean that, as a matter of law, it also cannot give rise to liability in negligence. A grocery store owner, for instance, who has actual knowledge of a slippery substance on the store floor may be held liable in negligence for injuries that result when a patron slips on it. *Griffin v. K.E. McKay's Market of Coos Bay, Inc.*, 125 Or App 448, 451, 865 P2d 1320 (1993), *rev den* 319 Or 80 (1994); *Rex v. Albertson's, Inc.*, 102 Or App 178, 181, 792 P2d 1248, *rev den* 310 Or 422 (1990).

■ The only question that remains is whether plaintiff's complaint contains allegations that defendant "knowingly" allowed, permitted or encouraged her husband to abuse plaintiff. It clearly does contain allegations that, among other things, defendant "knowingly allowed or permitted acts of

---

[1] The argument, at first blush, would seem to suggest that plaintiff has, in fact, stated a claim based on intentional conduct, which would implicate the statute even as defendant reads it. Plaintiff acknowledges the oddity, but candidly explains that prevailing on this theory would mean that even if plaintiff theoretically could assert a claim to which the statute would apply, it would be beyond the scope of the bankruptcy court's order allowing only a negligence claim to be asserted for the purpose of establishing insurance coverage (to which, presumably, intentional act exclusions apply).

child abuse to continue by her failure to take protective action for the benefit of plaintiff" in seven specified ways, each of which implicitly assumes that she had actual knowledge of the abuse. In paragraph 19.d., for example, plaintiff alleges that defendant was negligent in failing "to phone for emergency assistance *during and after the acts of child abuse*." (Emphasis supplied.) We conclude that the complaint does allege a claim based on "conduct knowingly allowing, permitting or encouraging child abuse," within the meaning of ORS 12.117 and that the trial court erred in dismissing that claim.

Reversed and remanded.