780 May 20, 2026 No. 446

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Julia MONACO,
*Plaintiff-Appellant,*

*v.*

COSTCO WHOLESALE CORPORATION,
a Washington corporation,
and James Gay, an individual,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV24341; A181538

Beth A. Allen, Judge.

Argued and submitted March 7, 2025.

Kathryn H. Clarke argued the cause for appellant. Also on the briefs was Gregory Kafoury, Mark McDougal and Kafoury & McDougal.

Thomas M. Christ argued the cause for respondents. Also on the briefs was Hannah McCausland, Sussman Shank LLP and Brisbee & Stockton, LLC.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Plaintiff brought this personal injury action against defendant, Costco Wholesale Corporation, seeking damages for an injury that she sustained when she slipped and fell on a liquid substance near a self-service beverage dispensing machine in defendant's Tigard store. She appeals from a jury verdict for defendant, assigning error to a jury instruction that she asserts misstated the law. Defendant cross-assigns error to the trial court's denial of its motion for a directed verdict. Because it is dispositive, we first address defendant's cross-assignment challenging the denial of its motion for a directed verdict. As explained below, the trial court erred in denying defendant's motion for a directed verdict because plaintiff's evidence was insufficient to give rise to liability in negligence as our case law has recognized in this context. Accordingly, we affirm the judgment for defendant.

Because the parties are familiar with the under-lying factual and procedural background, which is undisputed on appeal, we do not provide a recitation for the nonprecedential memorandum opinion.

It is well established that a defendant's motion for a directed verdict must be denied if there is any evidence from which the jury could find all of the facts necessary to establish the elements of the plaintiff's cause of action. *See, e.g.*, *Kelley v. Washington County*, 303 Or App 20, 22, 463 P3d 36 (2020) (so stating). In reviewing the trial court's ruling, we consider the evidence and reasonable inferences that may be drawn from it in the light most favorable to plaintiff, as the party opposing the motion. *Knepper v. Brown*, 345 Or 320, 323, 195 P3d 383 (2008).

In support of her claim, plaintiff presented evidence that she slipped on a liquid in front of defendant's self-service beverage dispensing machine. Plaintiff also presented testimony by defendant's employees that they had occasionally "noticed liquid on the floor and people spilling soda," and that "[y]ou can't keep the floor dry all the time around the soda machine[.]" Plaintiff did not, however, present evidence as to how the liquid on which plaintiff slipped came

to be on the floor by the self-service beverage dispensing machine or how long it had been there.

As we recently reiterated in *Kummer v. Fred Meyer Stores, Inc.*, 337 Or App 720, 722-23, 564 P3d 951 (2025),

"liability for slip and fall injuries involving substances on the floor is well-outlined in our case law and falls within three potential theories of negligence. Two theories are based on the defendant's actual knowledge of the presence of the foreign substance; the third is based on the defendant's 'constructive' knowledge:

"'An invitee who is injured by slipping on a foreign substance on the floor or stairs of business property must, in order to recover from the occupant having control of said property, show either:

"'(a)    That the substance was placed there by the occupant, or

"'(b)    That the occupant knew that the substance was there and failed to use reasonable diligence to remove it, or

"'(c)    That the foreign substance had been there for such a length of time that the occupant should, by the exercise of reasonable diligence, have discovered and removed it.'

"*Pribble v. Safeway Stores*, 249 Or 184, 187, 437 P2d 745 (1968) (quoting *Cowden v. Earley et al*, 214 Or 384, 387, 327 P2d 1109 (1958))."

*See also Moorehead v. TriMet*, 273 Or App 54, 69, 359 P3d 314 (2015), *rev den*, 358 Or 550 (2016) (explaining that "liability will not attach unless the owner had actual or constructive knowledge of the foreign substance," which "[a]n invitee can establish *** in one of [the] three ways" identified in *Rex v. Albertson's, Inc.*, 102 Or App 178, 181, 792 P2d 1248, *rev den*, 310 Or 422 (1990), and other cases). Citing that case law, defendant moved for a directed verdict, contending that plaintiff had failed to present evidence that could give rise to negligence liability for plaintiff's slip and fall. The trial court denied defendant's motion.[1]

---

[1] In denying defendant's motion, the trial court noted that it was persuaded by a New Jersey case cited in plaintiff's response to the motion. Although the court did not discuss the case in its ruling, we understand the court's remark to be referring to *Walker v. Costco Wholesale Warehouse*, 445 NJ Super 111, 122-23, 136 A3d 436 (App Div 2016), which applied a "mode-of-operation" theory of

We agree with defendant's argument that the trial court erred, because there is no evidence from which the jury could have found defendant negligent under one of the three potential theories of negligence liability described in our case law. There is no evidence that defendant caused the spill on which plaintiff slipped, that a Costco employee knew the spill was there, or that the spill had been there for a period of time sufficient to have been discovered and removed. Indeed, plaintiff conceded below and concedes on appeal that she does not claim that defendant caused or should have known about the spill.

Plaintiff nonetheless argues that defendant's negligence can be established by evidence that defendant knew that the food court area was prone to spills and, in plaintiff's view, had not taken adequate precautions to prevent spills and resulting injuries from a wet floor, such as by using liquid absorbent materials or anti-slip floor mats in the area of the beverage dispenser. Defendant remonstrates that plaintiff has not presented evidence either that defendant had not taken adequate precautions or that any of plaintiff's suggested precautions would have prevented plaintiff's injury. Moreover, defendant also correctly contends that plaintiff's argument presents a theory of liability that has been specifically rejected by our case law.

In *Rex*, the plaintiff slipped and fell on a blueberry in the defendant's produce department. The plaintiff conceded that the defendant had not placed the blueberry on the floor and had no actual knowledge that it was there. 102 Or App at 180. The plaintiff in *Rex* also conceded that she could not prove that the blueberry had been on the floor for so long that the defendant should have noticed it. *Id*. However, the plaintiff argued that, given how it displayed its produce, the defendant should have known of the risk of a blueberry falling on the floor, and thus was liable for not having done something to guard against the spill. *Id*.

In an en banc opinion, we rejected the plaintiff's argument, explaining:

---

liability, which has not been adopted in Oregon. Because plaintiff does not renew that argument on appeal, we do not address it.

"First, plaintiff's theory would create by indirection a new liability. Under her reasoning, an occupier of premises who places foreign objects where they might fall on the floor is liable, because it should have known of the risk that an object would be on the floor. We decline plaintiff's invitation to add a fourth, 'should have known' test to the list of ways that an invitee plaintiff can state a claim against a storekeeper in a slip-and-fall case.

"Second, plaintiff ignores the Supreme Court's rejection of that line of reasoning. In *Lee v. Meier & Frank Co.,* 166 Or 600, 114 P2d 136 (1941), the court held that a customer who had tripped over a pillow in the aisle of a store failed to state a claim against the owner of the store. The plaintiff's theory was

"'that (1) the defendant's pillow rack was not of sufficient size; (2) the rack was not provided with a sufficient guard to prevent pillows from falling into the aisle; and (3) the defendant piled pillows in the rack 'at a careless and negligent height, manner and arrangement.' 166 Or at 602.

"Nonetheless, the storekeeper was not liable, because it had not placed the pillow in the aisle, did not actually know of its presence, and had no constructive notice arising from the pillow's presence on the floor for a sufficiently long time. 166 Or at 604-05."

*Rex*, 102 Or App at 181-82. We concluded that the plaintiff's argument was indistinguishable from the plaintiff's argument made and rejected by the Supreme Court in *Lee*, because it added a fourth theory of negligence liability that is not provided in our case law—*viz.*, that the defendant was negligent in failing to protect against a risk that it should have known that a blueberry could fall. *Id.* at 182.

Similarly, we conclude that plaintiff's argument in this case that defendant was negligent in failing to implement measures to prevent the risk of liquid spilling near the beverage dispensing machine is outside of the theories of liability that our case law has recognized in this context. Under our case law, as recently reiterated in *Kummer*, plaintiff's evidence was not sufficient to give rise to liability in negligence, because it does not show that defendant placed the liquid on the floor, that defendant was aware that the

liquid was on the floor and failed to use reasonable diligence to remove it, or that the liquid had been on the floor for a sufficient length of time that defendant, in the exercise of reasonable diligence, should have been aware that the liquid was on the floor and should have removed it. *See* 337 Or App at 722-23. The trial court, therefore, erred in denying defendant's motion for a directed verdict. Further, that conclusion obviates the need to address plaintiff's assignment of error relating to the jury instruction. Accordingly, we affirm the judgment for defendant.

Affirmed.